[Filed May 19, 1885.]

# JOSEPH · KONIGSBERGER v. N. · HARVEY ET AL.

ASSAULT AND BATTERY — JUSTIFICATION — PLEADING. — In an action for assault
and battery, justification, to be available as a defense, must be specially pleaded.

CLACKAMAS COUNTY. Plaintiff appeals. Reversed and
new trial ordered, with leave to defendant to file amended
answer.

*F. V. Drake,* for Appellant.

*F. O. McCown,* for Respondent.

THAYER, J. — This appeal is from a judgment of the Circuit
Court for the county of Clackamas. The appellant commenced
an action in that court against the respondent and N. Darling, to
recover damages for an assault and battery alleged to have been
committed upon him by said defendants. The defendant Darl-
ing was not served with summons and made no appearance.
The complaint was in the ordinary form, and alleged both gen-
eral and special damages. The respondent filed an answer to
the complaint, in which he made the following denials, and in
the following form : —

" Denies that this defendant, with force or arms, or otherwise,
violently or otherwise, assaulted or struck or beat or bruised or
wounded the plaintiff about the head or shoulders or back, or
elsewhere, with his clenched fists, or with a heavy iron shovel,
or otherwise, or until he became insensible, without cause or
provocation, or with intent to injure, hurt, or damage the
plaintiff."

The remaining denials were to the injury and damages alleged
in the complaint. The answer contained no other defense. The
action was tried by jury, and the bill of exceptions shows that
evidence was given on the part of the plaintiff tending to prove
that the respondent assaulted and beat him, and the extent of
the injury and damages suffered in consequence thereof. Upon
the part of the respondent, it was testified that the appellant
made the first assault. After the evidence closed, and the court

had instructed the jury generally as to the law in the case, the appellant's counsel asked that the following instruction be given, viz:—

" The jury are instructed that the defendant Harvey has not pleaded any facts in justification of injuries to plaintiff. If you find, therefore, that defendant Harvey did injure the plaintiff, you must find a verdict for the plaintiff against defendant Harvey, in such sum as Konigsberger is shown to have suffered by such injury."

This instruction and another covering the same grounds, but more direct and certain, which the appellant's counsel requested to be given, were refused by the court, and an exception allowed to the ruling. The jury returned a verdict for the respondent. The judgment against the appellant was entered, from which the appeal is brought, and the refusal to charge as requested assigned as error, which raises the only point in the case. The answer, in legal effect, merely controverts the assault and beating without cause and provocation, or with intent to injure, hurt, and damage the plaintiff. Strictly construed, it tendered no issue to the cause of action alleged in the complaint. It admits really that the respondent beat the appellant, but denies that it was without cause or provocation, or with intent to injure, etc. The respondent's attorneys very probably supposed that by denying the wrong they would be admitted to justify the act. But parties cannot justify in that way. It does not present the facts upon which justification is claimed — does not show why the beating was not wrongful. The facts must be averred in such cases constituting the justification, and in such a manner that the court can judge that the party was not in the wrong. The party's assertion that the act was not wrongful is no fact; and that is all the denial amounts to. They doubtless fell into the error in consequence of a misapprehension of the effect of the adoption of the Civil Code. It is too often regarded as an original system of practice and pleadings, when in fact it is more a change of the form of an existing system.

The case at bar may serve as an illustration. The appellant alleges that the respondent assaulted and beat him; the respond-

ent claims that what he did was in attempting to repel an assault made by the appellant. He is not able, truthfully, to deny that he did beat and strike the appellant, but claims to be able to prove that the appellant made the first assault, and that he only acted in self-defense. The law upon that subject is the same as it was 500 years ago. The right of self-defense is a natural right, inherent in mankind, though the mode of presenting the defense has been changed somewhat. Under the practice that formerly prevailed, it would have been presented by a plea of *son assault demesne*, in which the facts would have been stated with much formality and great precision. The Code has dispensed with a good deal of the formality, but requires the facts which constitute the defense to be set forth in the form of an answer, under the head of new matter. It is new, because it is not embraced in the statement of facts made by the appellant in his complaint. (Pom. Rem. § 691.) The reason why the facts constituting such a defense are required to be set forth in some form is the same now as it was when pleadings were first devised. It is in order to apprise the opposite party of what he must be prepared to confront, so that he will not be taken by surprise.

In *Watson* v. *Christie*, 2 Bos. & P. 223, decided nearly a century ago, the same principle was recognized. That was a case of trespass for assaulting and beating the plaintiff. The defendant pleaded not guilty. At the trial it appeared that the defendant was the captain of a ship, and the plaintiff was one of his crew. After the proof was made of the beating, the defendant offered to show that it was given by way of punishment for misbehavior on board the ship, and it was insisted that the conduct of the defendant at the time of the assault, being necessarily in evidence, proved that misbehavior; but Lord Eldon, C. J., before whom the cause was tried, directed the jury that the only questions for their consideration were, whether the defendant was guilty of the beating, and what damages the plaintiff had sustained in consequence of it; that although the beating in question, however severe, might possibly be justified on the ground of the necessity of maintaining discipline on board the

ship, yet that such defense could not be resorted to unless put upon the record in the shape of a special justification; that the defendant had not said on the record that this was discipline, or justified it on any ground. I cite this case on account of its analogy to the one under consideration, and because it is referred to in the late revision of Estee's Pleadings, as authority that justification has still to be specially pleaded. The decisions of courts uniformly sustain this view, and it results therefrom that the instruction requested by the appellant's counsel should have been given.

The judgment must therefore be reversed, and the case be remanded for a new trial. The respondent should have leave to file an amended answer conforming to the views here indicated.