Argued January 5, affirmed January 29, 1965

## MOE *v.* JOLLY JOAN AND HOWSER

399 P. 2d 22

*Milton C. Lankton,* Portland, argued the cause for appellant. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. On the brief were Pozzi, Levin & Wilson, Portland.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is an action for damages for assault and battery. Plaintiff was a patron of a bar operated by the corporate defendant Jolly Joan through its acting manager, the defendant Howser. Plaintiff had originally charged both defendants with responsibility on three counts: negligence, wanton conduct, and assault and battery. Upon completion of plaintiff's case in chief both defendants moved for a judgment of involuntary nonsuit. It was granted as to the corporate defendant Jolly Joan and denied as to the individual defendant Howser. However, the court struck the counts of negligence and wanton conduct against the defendant Howser and the case proceeded as to him on the sole count of assault and battery. Defendant Howser had tendered by his answer a general denial and a defense of contributory negligence. The defense of contributory negligence was stricken by the court

when plaintiff's count of negligence was deleted. The jury returned a verdict of $10,000 in favor of plaintiff. The plaintiff appealed from the judgment of involuntary nonsuit as to Jolly Joan (See Moe, appellant, v. Jolly Joan, decided this date). The defendant Howser appealed from the judgment against him— the appeal with which we are here concerned.

Plaintiff and a companion, while patrons in a bar, fell into dispute and engaged in an altercation. Plaintiff introduced evidence he was thereafter needlessly thrown down a flight of stairs by the defendant. Defendant introduced evidence indicating that plaintiff fell down the stairs when he missed his footing on the top step.

■ The defendant charges as error the court's failure to give requested instructions concerning the following matters: (1) defendant's duty as manager to maintain order and his nonliability if his conduct was reasonable and necessary in this respect; (2) the degree of care that would be expected of defendant in a sudden emergency due to a flare of temper between plaintiff and his companion; (3) if plaintiff was an aggressor there should be a verdict for defendant. While we do not concede that all of the above instructions relate to situations that would be a defense to a civil claim for assault and battery, such of them as might be a defense relate to justification of action taken by defendant. Any form of justification as a defense to a charge of assault and battery is an affirmative defense and, to be availed of, must be pleaded. *Konigsberger v. Harvey,* 12 Or 286, 7 P 114. Also, see cases collected at 67 ALR2d page 405.

The defendant grants in his reply brief that it is usually held that the defenses to assault and battery

which are generally lumped under the term "justification" must be affirmatively pleaded. Defendant claims, however, that when evidence that would sustain such a defense is introduced by the plaintiff, or by the defendant without objection by plaintiff, the defendant may avail himself of such a defense even when it is not pleaded.

■ Many of the cases cited by defendant as authority for the proposition that it was error to deny his instructions on affirmative defenses are cases that hold it was not error for the court to give an instruction on an unpleaded affirmative defense when there was evidence of it. There is a difference between so holding and deciding that refusal to give such an instruction is error. The latter would put the trial judge in the position of having to give, upon request, instructions as to all possible issues raised by the evidence whether such issues were pleaded or not. This is a burden we do not believe a trial judge should have to assume.

■ Defendant cites *Mitchell v. City of Portland,* 159 Or 91, 78 P2d 582, which holds that in was not error for the trial court to consider evidence, introduced by plaintiff, of an unpleaded defense in a case tried to the court without a jury. However, the fact that the court, if it chooses, may give such an instruction in a jury case or consider such evidence in a case tried to the court does not mean it is error to refuse such an instruction.

The only case cited by defendant for its position, the language of which is directly in point, is *Lowry v. Standard Oil Co.,* 54 Cal App 2d 782, 130 P2d 1. However, in this case the factual situation was that

the court did give an erroneous instruction on an unpleaded defense which error, by itself, would have been a sufficient ground for the court's reversal of the judgment for plaintiff.

There is no particular mystery as to why defendant did not choose to plead any defenses he had by way of justification. Defendant's testimony indicated he had absolutely nothing to do with plaintiff's fall. From a tactical viewpoint a plea of justification in front of a jury would have been highly inconvenient. He would have been in the position of disclaiming anything to do with plaintiff's fall and at the same time justifying the injury which he admits by his plea he inflicted on plaintiff.

■ Defendant claims as error the court's failure to give his requested instruction relative to assumption of risk. Assumption of risk, if it could be considered a defense to assault and battery, is also an affirmative defense, *Olsen v. Silverton Lumber Co.*, 67 Or 167, 135 P 752.

The defendant charged error because of failure to give a requested instruction relative to assault and battery. The trial court did give an instruction relative to this subject which was sufficient.

■ Defendant then asserts a most unusual charge of error. He claims he was prejudiced by the court's striking of plaintiff's counts for negligence and wanton conduct because when a verdict was returned against him for assault and battery alone, insurance would not cover his liability because insuring against liability for assault and battery is against public policy. We will not dignify this contention with an answer.

■ Defendant also claims the court erred in strik-

ing his defense of contributory negligence and in failing to give his requested instruction on this subject. Contributory negligence is not a defense to assault and battery. See Section 153, Assault and Battery, 6 Am Jur 2d and cases cited thereunder.

The judgment of the Circuit Court is affirmed.