Argued January 8, affirmed February 28, 1968

HEINZ, *Appellant, v.* CARIGNAN, *Respondent.*

437 P. 2d 755

*Norman L. Lindstedt,* Portland, argued the cause for appellant. With him on the briefs were Buss, Leichner, Lindstedt & Sipprell and Ralph C. Barker, Portland.

*Paul R. Duden,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers,

Kerr, Tooze & Peterson and Edwin J. Peterson, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

PER CURIAM.

The plaintiff seeks damages for personal injuries allegedly inflicted by defendant's negligent operation of his log truck. The jury returned a verdict for the defendant and the plaintiff appeals.

Plaintiff alleged that the defendant, in passing plaintiff's vehicle, forced her off the road. The plaintiff charged that the defendant was negligent in operating at a dangerous speed, in failing to keep a lookout, in failing to keep his truck under control, and "[i]n failing to remain on the left side of the highway until he was clear of the plaintiff's vehicle."

Plaintiff contends the trial court erred in failing to give the following requested instruction:

"WHEN PASSING IS PERMITTED

"(1) The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for sufficient distance ahead to permit such overtaking and passing to be completely made without impeding the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken.

"(2) The driver of a vehicle shall not in any event drive to the left side of the center line of the highway:

"(a) When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of 500 feet * * *."

The trial court in denying the request to give the instruction stated:

"Your only allegation in the complaint doesn't have anything to do with improper passing—it is that they failed to get back, excuse me, where is that—your allegation is in failing to remain on the left side of the highway until he was clear. You have no allegation of negligence that he passed at a place where he couldn't make a pass, but you can have an exception."

The trial court was correct and accurate in its observation. *Moe v. Jolly Joan and Howser,* 239 Or 531, 534, 399 P2d 22 (1965); *Vollstedt v. Vista-St. Clair, Inc.,* 227 Or 199, 204-205, 361 P2d 657 (1961).

Affirmed.