Argued November 8, 1977, affirmed January 24, 1978.

HUMBIRD et ux, *Respondents,*
*v.*
McCLENDON, *Defendant,*
MATHEWS et ux, *Appellants.*
(No. 418 205, SC 24818)
573 P2d 1240

Adelbert G. Clostermann, Portland, argued the cause and filed a brief for appellants.

William G. Whitney, Portland argued the cause and filed a brief for respondents.

Before Holman, Presiding Chief Justice, Howell and Lent, Justices and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

**GILLETTE, J.,** Pro Tempore.

Plaintiffs brought this action for assault and battery against defendants Mathews for injuries suffered in an inter-family altercation.[1]

A unanimous jury awarded plaintiffs special, general and punitive damages. Defendants appeal from the resulting judgment, assigning as error the trial court's (1) denial of their motion for involuntary nonsuit, (2) refusal to give certain instructions, and (3) refusal to permit the filing of defendants' amended answer and affirmative defense. They also attack the jury verdict as not supported by the evidence. We affirm.

### 1. Denial of Motion for Involuntary Nonsuit.

The third defendant, McClendon, was alleged to be liable on the theory that the other two defendants were McClendon's employees, acting within the scope of their employment, at the time of the battery. Plaintiffs failed to prove the employment relationship. Defendant McClendon was granted an involuntary nonsuit.

■ Defendants maintain that plaintiffs' theory of *their* liability also depended upon the existence of the employment relationship, so that they were equally entitled to an involuntary nonsuit.

Defendants are mistaken. It is apparent both from the pleadings and the proof that these defendants' liability was direct, based upon their own acts. There was no error.

### 2. Refused Instructions.

Defendants assign as error the failure to give their requested instructions Nos. 1, 2 and 3.

■ All three instructions were refused because they related to an affirmative defense of justification and

---

[1] A third defendant, one McClendon, was joined in the complaint on a theory of *respondeat superior.* The trial court granted a motion for an involuntary nonsuit as to McClendon; neither side appeals from that ruling.

self-defense, while defendants' pleadings consisted of a general denial. The refusal was proper. *Moe v. Jolly Joan and Howser,* 239 Or 531, 534-535, 399 P2d 22 (1965); *Konigsberger v. Harvey,* 12 Or 286, 7 P 114 (1885).

### 3. Refusal to Permit Amended Answer.

Defendants next assign as error the denial of their motion to file an amended answer and affirmative defense. Defendants' original answer to plaintiffs' complaint for battery had been a general denial. Then, after trial had commenced,[2] defendants sought to file an amended answer alleging that plaintiffs were the aggressors in the affray and that defendants acted in self-defense. Counsel for defendants explained that he had not learned of this version of the case from his clients until the afternoon of the first day of trial.

ORS 16.390, which governs the amendment of pleadings in such circumstances, provides:

> "The court may, at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons may, at any time before the cause is submitted, allow such pleading or proceeding to be amended, by striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved."

The statute is permissive, not mandatory. Allowing amendment is a discretionary act. It is not an abuse of that discretion to deny amendment particularly where, as here, the proferred amendment totally changed the defendants' theory of the case and counsel

---

[2]Trial commenced on October 4, 1976. The first discussion of defendants' attempt to file their amended answer occurs in the record on October 5, 1976, although defendants' counsel insisted that the amended answer had been "filed" the previous day (October 4). The copy in the trial court file is stamped October 6, 1976 — the day after the trial ended.

offered no reasonable justification for the delay in filing a proper pleading. *See, e.g., Bakker v. Baza'r, Inc.,* 275 Or 245, 264-265, 551 P2d 1269 (1976); *Moe v. Jolly Joan and Howser, supra; Konigsberger v. Harvey, supra.*

### 4. Sufficiency of Evidence.

Finally, plaintiffs offer this assignment: "The jury failed to reach their verdict by a preponderance of all the evidence."

■  The transcript contains substantial evidence which the jury could have believed to the effect that defendants assaulted and beat plaintiffs. There was no error. Or Const, Art VII, §3.

The judgment of the trial court is affirmed.