## IN THE OREGON TAX COURT

Jeffrey H. KING
and Susan E. King

*v.*

## DEPARTMENT OF REVENUE
## MULTNOMAH COUNTY,
*Intervenor*

(TC 3318)

Plaintiff appeared *pro se*.

Sandra N. Duffy, Assistant County Counsel, Multnomah County, Portland, represented intervenor.

Decision for intervenor rendered July 30, 1993.

### CARL N. BYERS, Judge.

Plaintiffs appeal from defendant's opinion and order finding the value of their property on July 1, 1991, was $90,600. Plaintiffs contend the real market value did not exceed $60,185.

The subject property is a lot improved with a single-family residence located at 48th Avenue and Southwest Flower Court in Portland. Although in an established neighborhood, 48th Avenue is an unimproved street maintained by the owners of the adjacent properties.

The primary dispute between the parties concerns the value of the land. The land is zoned R-7, which requires a minimum lot size of 7,000 square feet. The subject lot is 13,775 square feet. The county appraiser testified the city planning authorities indicated that a variance or lot-line adjustment could be obtained which would allow a second residence to be built on the property. Consequently, the appraiser treated the land as having a potential for two building sites. The appraiser estimated the second building site had a market value of $25,000. She deducted $5,000 for the expenses and risk associated with obtaining a lot-line adjustment, leaving $20,000 as the estimated increment in value due to the additional building site.

Plaintiffs contend they should not be taxed on any "potential" until actually realized. They claim the neighborhood is characterized by large lots and any attempt to create a second building site on their property would result in resistance from the neighbors. Plaintiffs believe a large lot is attractive to many homeowners and has its own "inherent" or aesthetic value.

■ Plaintiffs have the burden of proof. In presenting their case, they made some good points. For example, the county appraiser was unable to explain whether the sale price of one of her comparables included an amount required to correct deferred maintenance. In addition, despite the fact that the county physically reappraised the whole area, some properties are assessed at less than their known purchase price.[1]

However, it is not enough for plaintiffs to criticize the county's position. Plaintiffs must proffer evidence of the real market value of their property. Plaintiffs submitted no evidence to establish that the market would prefer a large single lot versus two small lots. Even if plaintiffs' neighbors complain, there is no evidence to indicate that the city would deny an application for a lot-line adjustment.

■ Essentially, plaintiffs like the larger lot and see no reason to pay taxes now on something that is only a potential.

---

[1] It is difficult to understand how or why this occurs, but it has arisen in enough cases to appear to be a practice in Multnomah County.

However, the test is what the market would do. Knowledgeable buyers in the market would consider the potential for development and increase their estimates of value accordingly. Based on the evidence, if the property has a possible second building site worth $25,000, it is not unreasonable to conclude that the market value would reflect that potential. While it is true that the plaintiffs themselves may never subdivide the property for aesthetic reasons, as long as the potential is there, the value is there.

Based on the evidence adduced, the court finds that the real market value as of July 1, 1991, was $90,600. Costs to neither party.