No. 4 March 3, 2020 77

IN THE OREGON TAX COURT
REGULAR DIVISION

Graham L. COVINGTON
and Lorraine D. Covington,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
and Multnomah County Assessor,
*Defendants.*

(TC 5370)

Taxpayers appealed a Magistrate Division decision that increased their home's real market value (RMV) above the value that was shown on the roll before taxpayers appealed. In the Regular Division, taxpayers sought to start with the roll value and pursue a reduction due to the loss of a view; they objected to the increase imposed by the magistrate. On the assessor's motion to dismiss, the court held that its task is to determine the RMV of the property, not the effect of one factor on the RMV shown on the roll. The court dismissed the complaint with leave to amend to specify a requested RMV for the property as a whole.

Submitted on Defendant-Intervenor's Motion to Dismiss.

Carlos A. Rasch, Multnomah County Counsel, Portland, filed the motion for Defendant-Intervenor Multnomah County Assessor.

Plaintiffs Graham L. Covington and Lorraine D. Covington filed a response *pro se*.

Decision rendered on March 3, 2020.

**ROBERT T. MANICKE, Judge.**

### I. INTRODUCTION

In this residential property tax case, the following facts derive from Plaintiffs' filings, and for purposes of this order the court assumes that they are true. *See Allied Timber Co. v. Dept. of Rev.*, 8 OTR 428, 429 (1980). Plaintiffs allege that their home suffered a loss of view that diminished its value by $100,000. Sometime before July 1, 2012, a neighbor built a structure that blocked a portion of the view from Plaintiffs' home, and the same neighbor later built a second house nearby that blocked the remainder of the

view. Plaintiffs appealed to the Magistrate Division for the 2017-18 tax year, seeking a $100,000 reduction of the real market value (RMV). The RMV then shown on the roll was $660,470. The case proceeded to trial, where Defendant-Intervenor Multnomah County Assessor (the Assessor) presented appraisal evidence that the RMV was $800,000. The magistrate accepted the Assessor's evidence and determined that the RMV was $800,000.

Plaintiffs appealed to this division of the court, alleging that the magistrate's decision was "non-responsive to the issue," which Plaintiffs describe as their loss of a view worth $100,000. Other than that allegation, Plaintiffs have not specified an RMV that they seek for the property. The Assessor moved to dismiss on the grounds that Plaintiffs have not shown that they are "aggrieved" by any action of the Assessor because they claim not to contest the real market value of their property and have failed to assert an RMV that they want the court to adopt.

In briefing on the Assessor's motion, the Assessor acknowledges that the property's RMV declined due to the neighbor's 2012 construction that blocked the view. However, the Assessor submitted a declaration of an appraisal supervisor who testified that the Assessor addressed the 2012 construction in 2013 by "reclassifying" the view from "VW 6, which includes city and mountain views, to a VW 2, which is a lower classification and includes woodlot hillside territorial views," resulting in a $32,000 reduction of RMV. Plaintiffs assert that they were not aware of this adjustment until they saw the declaration. Plaintiffs claim that the 2013 adjustment is insufficient because it fails to account for the additional loss of view caused by construction of the second property. The Assessor responds that, because the 2013 reclassification applied to Plaintiffs' entire property, further loss of view due to later construction would not have led to a greater reduction in value.

In addition to finding the 2013 adjustment insufficient, Plaintiffs' reply indicates they are dissatisfied with the magistrate's characterization of the issue in Plaintiffs' appeal as "'the real market value of the subject property for the 2017-18 tax year.'" Likewise, Plaintiffs object to the

result of the magistrate's decision, which is an increase to RMV that has caused an increase in tax.

## II.  ISSUES

(1)  May the court make a limited adjustment to the property's RMV for loss of view?

(2)  May the court conclude that the property's RMV exceeds the RMV shown on the assessment roll?

## III.  ANALYSIS

Plaintiffs seek to limit the scope of this litigation. They have made several statements that the court interprets to mean that they may not want to engage in a full valuation dispute to determine the RMV of their property.

> "[W]e are not appealing our property taxes[.]"

> "We have never contested our assessments. We have paid our property taxes in full each year. We have only sought a narrow assessment remedy for the loss of our view."

Plaintiffs essentially want the court to start with a fixed dollar value, presumably the RMV shown on their tax bill for the 2017-18 tax year, and to subtract from that RMV an amount that reflects the loss of view that resulted from their neighbor's construction of two houses downhill from Plaintiffs' property.

The Assessor has a different goal. The Assessor wants the court to determine the RMV of the property, a much more general inquiry, and the Assessor freely describes the case as "a valuation appeal." This is not surprising, because state law provides: "The assessor shall proceed each year to assess the value of all taxable property within the county ***." ORS 308.210(1).[1] State law specifically directs each assessor to "prepare the assessment roll" to show "the real market value of the land" and the "real market value of all buildings ***." ORS 308.215(1)(a).

The court's task is to decide the RMV if a taxpayer challenges the RMV. Here, Plaintiffs clearly have challenged the RMV by asking for a $100,000 reduction, which necessarily is a reduction *of the RMV*. If the Assessor

---

[1]  The court's references to the Oregon Revised Statutes (ORS) are to 2017.

were to agree with Plaintiffs on a starting point for considering such a reduction, such as the $660,470 RMV shown on Plaintiffs' original bill, the court could take that agreement into account and potentially move on to determine the amount, if any, of a reduction.[2] But the Assessor has *not* agreed to stipulate to a starting value. The Assessor wants to litigate the entire RMV, including any effect of the blockage of the view. State law requires the court to allow the Assessor to put on his evidence of value because the court must decide the challenged issue (the RMV) "*de novo*," meaning "anew," and the court is not bound by the value shown on the assessment roll and on a taxpayer's bill. *See* ORS 305.425(1) ("All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo."); *Hoyt St. Properties LLC v. Multnomah County Assessor*, TC-MD 011093C, 2004 WL 3118904 at *3 (Or Tax M Div, Nov 16, 2004) ("the Magistrate Division has generally operated under the *de novo* review standard since its inception in 1997"). Because the Assessor has not agreed to limit the scope of this litigation in the manner that Plaintiffs desire, the court cannot do so.

Plaintiffs also object to the magistrate's conclusion that the RMV of the property is higher than the amount shown on the assessment roll and on the bill they received before appealing to the Magistrate Division. Plaintiffs feel that an increase would be unfair and punitive. The court recognizes that taxpayers may be frustrated to end up with a higher value than before their appeal. However, there is nothing punitive about that. By requiring *de novo* proceedings for this court, the legislature has declared that the court must determine the RMV based on the evidence. In most litigation, a plaintiff incurs some risk that evidence will come to light that will undermine a plaintiff's claim, or even make matters worse for the plaintiff. In property tax cases, the legislature has not chosen to limit the risk to taxpayers by capping RMV at the roll value. Thus, if an assessor puts on credible evidence that points to a value

---

[2] The court does not suggest that the parties' agreement on a starting value would *necessarily* bind the court. ORS 305.412 authorizes the court to determine property value "without regard to the values pleaded by the parties."

higher than the value shown on the roll, the value on the roll is not controlling. It is up to the taxpayer to put on the taxpayer's own evidence for the court to weigh. The magistrate's decision states that Plaintiffs "failed to present any competent evidence of the real market value of their home."

In this appeal to the Regular Division, the court's role is not to decide whether the magistrate correctly determined the RMV, to examine the Assessor's evidence before the magistrate, or to evaluate whether Plaintiffs did or did not present competent evidence to the magistrate. Rather, by appealing to the Regular Division, Plaintiffs have asked this division to give them a fresh chance to present evidence of their property's RMV. The same *de novo* principles apply. There is no indication that the Assessor now agrees that the property's RMV is capped at any particular amount. Absent such an agreement, the case would again go to trial in this division to determine the RMV anew based on all the evidence the parties present in the new trial. The resulting RMV could be higher, lower, or the same as the amount that the magistrate determined, or the amount on the assessment roll, all depending on the evidence.

The court thus rejects Plaintiffs' effort to limit the scope of this appeal to the determination of a loss-of-view adjustment to a fixed RMV, at least if the Assessor has not agreed to the fixed RMV and there is no evidence to support such a starting value. The court also rejects Plaintiffs' assertion that the court has acted or would act improperly by concluding, based on the evidence, that the RMV exceeds the amount shown on the assessment roll. The court grants the Assessor's motion, except that, if Plaintiffs wish to amend their complaint to specify an RMV for the property that they intend to prove at trial, they may do so within 30 days after the date of this order. *See* Tax Court Rule 21 A. If Plaintiffs fail to file an amended complaint within 30 days after the date of this order, the court will dismiss this appeal, and the court will enter a judgment enforcing the magistrate's decision. *See Work v. Dept. of Rev.*, 22 OTR 396, 410-11 (2017), *aff'd*, 363 Or 745, 429 P3d 375 (2018).

## IV.   CONCLUSION

Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss is granted unless Plaintiffs file an amended complaint within 30 days after the date of this order.