IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| DAVID JOHN MEDNANSKY, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5465** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | **ORDER GRANTING DEFENDANT-** |
| and | ) | **INTERVENOR'S MOTION FOR** |
| | ) | **PARTIAL SUMMARY JUDGMENT AND** |
| CURRY COUNTY ASSESSOR, | ) | **GRANTING PLAINTIFF'S MOTION** |
| | ) | **FOR LEAVE TO FILE THIRD** |
| Defendant-Intervenor. | ) | **AMENDED COMPLAINT** |

Plaintiff challenges the values shown on the tax year 2022-23 roll for the land and

residential structure in Defendant-Intervenor's (the county's) account No. R11007. Plaintiff has,

with leave of the court, amended his complaint twice, as shown in the table appended to this

order. The county has moved for summary judgment as to one issue in Plaintiff's second

amended complaint;[1] Plaintiff has moved for leave to file a third amended complaint.

---

[1] Although styled as a motion for summary judgment, the court treats the county's motion as one for partial summary judgment because it appears to overlook what the court liberally construes as an allegation that would support a reduction of the subject property's real market value (RMV) for tax year 2022-23 based on the *"inability to rebuild"* the structure if it were to be destroyed. (*See* Ptf's 2d Am Compl at 1, ¶ 3.) This RMV allegation is not defeated or otherwise affected by the legal argument in the county's motion. However, because the court will grant

## I.  DEFENDANT-INTERVENOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The county's motion requires little analysis, as the court finds that Plaintiff, who is not represented by an attorney, has conceded the county's legal argument.  In paragraphs four to six of his second amended complaint, Plaintiff seeks a redetermination of the subject property's original maximum assessed value (MAV) as assigned for tax year 1997.  (*See* Ptf's 2d Am Compl at 2 ("Plaintiff asks this court for a judgment declaring that Assessor must recalculate the original RMV used to establish the original MAV for the subject property.").)  The county correctly argues in its opening brief that well-settled caselaw dating to shortly after the passage of Measure 50 squarely defeats Plaintiff's "original MAV" argument.  *See Ellis v. Lorati,* 14 OTR 525, 534 (1999) ("Based upon the above analysis, the court concludes that taxpayers appealing their July 1, 1997, MAV may not challenge the real market value shown on the tax roll for July 1, 1995.").  Plaintiff acknowledges that the county's legal argument must prevail.  (*See* Ptf's Mot Leave to File 3d Am Compl and Decl at 1 ("Plaintiff discovered that his request for relief in his Second Amended Complaint is barred by Oregon Statute and Case Law."); *see also* Ptf's Opp at 3 ("Plaintiff concedes, after reading Defendant's citation of case law, that the remedy requested for this wrong is not allowed by law * * *.").)

The court will grant the county's motion.

## II.  PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Turning to Plaintiff's motion, the court agrees with the county that Plaintiff has no right to amend at this stage absent consent of opposing counsel or leave of the court, and that whether the court will grant leave is within the court's discretion.  *See* Tax Court Rule (TCR) 23 A ("A

---

Plaintiff's motion for leave to amend his complaint to reframe his RMV allegation, the overall course of the litigation is not affected by whether the county's motion is for full or partial summary judgment.

pleading may be amended by a party once as a matter of course any time before a responsive pleading is served * * * Otherwise, a party may amend the pleading only by leave of court or by written consent of the adverse party, and leave will be freely given when justice so requires."); *Deep Photonics Corp. v. LaChapelle*, 368 Or 274, 300, 491 P3d 60 (2021) ("When consent of the court is required, the court retains discretion to deny the motion.").

The court also agrees with the county that the principal inquiry is whether the amendment would prejudice the county. (*See* Inv's Opp at 4); *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 216, 460 P3d 494 (2020) ("the gravamen of the inquiry is whether allowing a pretrial amendment would unduly prejudice the opposing party."). As discussed below, the court concludes, after carefully considering the proposed amendments and the procedural posture of the case, that the county has not established that it would be prejudiced by allowing Plaintiff to amend his complaint, even for the third time, and even though trial is set to begin in less than three months, on February 4, 2026.

Caselaw on prejudice directs the court to consider a number of factors. As relevant here, the factors generally fall into the categories of timing and merit:

- Timing-related factors
  - Whether the opposing party had a reasonable opportunity to research appropriate law, move against the pleading, and avail itself of discovery procedures. *See C.O. Homes*, 366 Or at 216.
  - Whether the amendment comes too late to allow the opposing party to incorporate it into trial preparation and trial strategy. *See Deep Photonics*, 368 Or at 301-02.
  - Whether the proposed amendment would change the claim for relief. *See C.O. Homes*, 366 Or at 216-17.
- Merit-related factors
  - Whether the amendment would raise "a futile claim," *i.e.,* "one that could not prevail on the merits due to some failing in the pleadings or some unavoidable bar or obstacle." *Eklof v. Persson*, 369 Or 531, 543-44, 508 P3d 468 (2022).
  - Whether the proposed amendment has *"colorable merit." See Sanford v. Hampton Resources Inc.*, 298 Or App 555, 577, 447 P3d 1192, *rev den*, 366 Or 64 (2019).

A.     *Timing-related Factors*

The court first notes that the timing of the amendment at issue here, an interval of approximately two-and-one-half months before trial begins, is far longer than the intervals in most of the cases cited by the county. In those cases, leave to amend was sought from one month before trial to *during* trial. *See Sanford*, 298 Or App at 559 (denying plaintiff's motion to amend the complaint one month before trial); *C.O. Homes,* 366 Or at 212 (plaintiff sought leave to amend complaint two days before trial); *Humbird v. McClendon*, 281 Or 83, 86, 573 P2d 1240 (1978) (defendants sought to file an amended answer midtrial); *Deep Photonics*, 368 Or at 297 (defendants sought to amend answer to add an affirmative defense midtrial).

*Trial preparation.* The court turns to practical timing factors, such as whether addressing the amendments would require additional discovery and other trial preparation. At oral argument, the county represented that, if leave to amend is granted, it would need to reopen discovery to inspect the property. (Statement of Audrey Boyer, Oral Argument, Nov 10, 2025, 10:17.) The court assigns no weight to this factor because it would have applied equally at the commencement of the case, as the appended table shows that Plaintiff has always put the RMV as of January 1, 2022, at issue in this division. For the same reason, the court gives no weight to the county's representation that it may seek an appraisal. (*Id*. at 10:39.) Finally, the county stated that it may need to seek a trial continuance to research and evaluate Plaintiff's allegations. (Statement of Audrey Boyer, Oral Argument, Nov 10, 2025, 10:22-10:23 ("The timing here creates prejudice, would require probably rescheduling of trial in order to allow for discovery and motions * * * He wants to inject, to change, the legal claim completely so we would need to have time to research and evaluate the claims".).) Without more specifics, the court cannot assign weight to this factor. The court believes that other timing factors can be addressed

without denying leave to amend the complaint: the court may, upon motion by a party, adjust the 30-day and 5-day deadlines under TCR 56 B for the exchange of appraiser documents and proposed exhibits. And as in other cases, a party may move to reset trial for good cause, such as unavailability of an expert or other witness. *See* TCR 52 D(1) ("When a case is set for trial, it will be tried or dismissed, unless good cause is shown for a postponement.").

*No "new claim."* The court declines to conclude that the proposed amendments present a "new claim"; rather, they present a *new factual basis* for an existing RMV challenge. Upon close examination of Plaintiff's original complaint, first amended complaint, and second amended complaint, the court finds that each version makes at least one set of allegations aimed at reducing the subject property's RMV as of January 1, 2022, while also making allegations aimed at reducing the MAV. *See* Appendix 1. The proposed amendment would drop all MAV-related allegations and solely seek a reduction of the subject property's RMV as of January 1, 2022.

The reason why the various shifts among Plaintiff's RMV allegations set out in the table do not constitute new "claims" for purposes of prejudice is that a party that puts RMV at issue takes on a much larger task than merely finding fault with the value on the roll. That party must be prepared to present competent evidence that a willing buyer would pay a willing seller the amount in cash for which the party contends. *See* ORS 308.205(1); *Dunne v. Dept. of Rev.*, TC 5440, 2024 WL 78169, at *2 (Or Tax, Jan 5, 2024) ("RMV means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction as of the annual assessment date."). Allegations of specific shortcomings of the property, such as those in the table, are merely a first step to proving RMV. And while a property owner is allowed to *testify* as to value, the task of

*proving* RMV nearly always demands that the party present expert testimony that considers the cost approach, the comparable sales approach, and the income approach to value. *See Freitag v. Dept. of Rev.*, 19 OTR 37, 45 n 8 (2006) (holding that a property owner is competent to testify as to property value); *Swanek v. Dept. of Rev.*, TC 5423, 2022 WL 2903990, at \*3 (Or Tax July 22, 2022) (party seeking affirmative relief has the burden of proof under ORS 305.427); OAR 150-308-0240(2)(a) (requiring consideration of all three approaches to value).[2] The court's caselaw establishes that a taxpayer who simply latches onto the RMV shown on the roll and seeks a discount from that value because of a single feature of the property such as a diminished view, is highly unlikely to carry the burden of proving RMV. *See Covington v. Dept. of Rev.,* 24 OTR 77, 79 (2020) (concluding that the court could not make a "limited adjustment to RMV" based on taxpayer's allegation of a change in view). "The court's task is to decide the RMV if a taxpayer challenges the RMV." *Id.*; *see also Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (*citing King v. Dept. of Rev.*, 12 OTR 491 (1993) ("As this court has pointed out, it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property.").) One reason the court's rules require a pretrial exchange of appraisal reports in valuation cases is that the facts relevant to RMV may not be fully identified until an expert refers to them in an opinion of value, and the opposing party needs to know those facts with time to prepare for trial. For these reasons, and without attempting to define the term "claim" for any other purpose, the court concludes that Plaintiff's proposal to amend his complaint to point to a new set of facts that he alleges reduce RMV does not raise a "new claim" that would prejudice the county.

---

[2] The court also refers to its letter to the parties in this case, dated July 23, 2024, in which the court supplied a short list of illustrative cases, including cases involving the burden of proof and awards of attorney fees and penalties.

B.     *Merit-related Factors*

*Single allegations do not render an RMV "claim" "futile."*  As for merit-related factors, the county argues that the amendments would raise a futile claim.  The court rejects this argument for two reasons.  First, as discussed, Plaintiff's request for an RMV reduction does not rest on a single factual allegation, but on the totality of facts he must muster in order to prove that the subject property has an RMV of $138,844.  (Statement of David Mednansky, Oral Argument, Nov 10, 2025, 10:02 (stating dollar amount of RMV sought in proposed third amended complaint).).[3]  Plaintiff is allowed to make his case in chief, and the prospect of an attorney fee award and statutory penalties exists to deter a party maintaining a position that is objectively unreasonable.  *See, e.g., Linstrom v. Dept. of Rev.,* TC 5459 (May 10, 2024) (slip op at 4) (awarding costs and disbursements, attorney fees, and penalties against taxpayer who maintained "objectively unreasonable" positions).  Second, the court does not find a lack of "colorable merit" in Plaintiff's specific allegation that the property's ocean view is restricted, and that that restriction negatively impacts its RMV.  *Sanford,* 298 Or App at 577.  The proposed amendment cites two documents that Plaintiff obtained from the county in discovery in this division of the court.  The county focuses on one document, the "Gary Hill letter" from 1998, contending that it is hearsay and too old to be relevant to the RMV as of January 1, 2022.  (Statement of Audrey Boyer, Oral Argument, Nov 10, 2025, 10:19.)  But Plaintiff's other document, which the county does not address, is the county's valuation card from 2019, which Plaintiff interprets as referring to a degree of direct ocean view that Plaintiff argues is inaccurate.

---

[3] The roll values for tax year 2022-23 are uncontested: the RMV on the roll is $363,840, and the assessed value and MAV are $277,840.  (*See* Inv's Decl of Wegner at ¶ 21.)

To be sure, those two documents by themselves do not make a case for any particular RMV, but neither do they present an "unavoidable bar" to a reduction of the property's RMV.

### III. CONCLUSIONS AND ORDER

The court will grant the county's motion for partial summary judgment and Plaintiff's motion for leave to file a third amended complaint. Plaintiff's third amended complaint is to be filed, with all attached exhibits, on or before November 26, 2025. Now, therefore,

IT IS SO ORDERED.

Dated this 18th day of November, 2025.

11/18/2025 10:55:52 AM

Judge Robert T. Manicke

## Appendix 1: Table of Issues and Allegations

| | Original Complaint | First Amended Complaint | Second Amended Complaint | Proposed Third Amended Complaint |
|---|---|---|---|---|
| **Procedural: Alleged misunderstanding by magistrate** | ¶ 3 Magistrate mischaracterized Plaintiff's position as "mainly focused on negative conditions"; it was actually focused on "changes to the property over time" | Deleted | Not present: No change vs. First Amended Complaint | Not present: No change vs. First and Second Amended Complaint |
| **RMV: Setback ordinance would require house to be moved if rebuilt** | ¶¶ 4-7 Structure on the subject property is too close to a neighbor's property line under the current setback ordinance. If destroyed by fire, the structure would have to be rebuilt elsewhere on the lot, necessitating a new well, utility work, and road construction, and resulting in diminished value due to loss of views | Present: ¶ 3 refers to "inability to rebuild" | Present: No change vs. First Amended Complaint | Not present: ¶ 3 deletes reference to "inability to rebuild" |
| **RMV: Misallocation of value between two lots** | ¶¶ 8-10 Purchase price of $400,000, some 10 months before the January 1, 2022, assessment date, was a combined amount that included the subject property and an adjacent lot | Deleted | Not present: No change vs. First Amended Complaint | Present: ¶ 3 According to documents that assessor submitted to BOPTA, assessor did not adjust comparable properties for the fact that subject property's sale price was for two properties |
| **MAV** | ¶¶ 11-12 MAV wrong because based on erroneous RMVs over time | Retained and added to, new ¶¶ 4-5<br><br>New ¶ 6 requests proportionate MAV reduction to $208,425 | Present: No change vs. First Amended Complaint<br><br>Deletes ¶ 6 in First Amended Complaint; replaces with new ¶ 6 alleging "first MAV was wrong." | Not present: Deletes allegations that MAV is wrong |
| **RMV: Failure to account for relative lack of ocean view from subject property** | Not present | Not present | Not present | Present: ¶¶ 4-6 County's RMV assumes a view the property doesn't have, due to trees; trees can't be cut |