No. 376 May 6, 2026 323

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Dan DORMAN,
*Plaintiff-Appellant,*

*v.*

NORTHWEST GASTROENTEROLOGY CLINIC, LLC,
an Oregon limited liability company;
Edward A. Galen, M.D., an individual;
and Holland Brown Cunningham, C.R.N.A., an individual,
*Defendants-Respondents,*

*and*

AMERICAN MEDICAL RESPONSE NORTHWEST, INC.,
a domestic business corporation,
*Defendant.*

Multnomah County Circuit Court
20CV16272; A179898

Steffan Alexander, Judge.

Submitted February 3, 2025.

Rachel F. O'Neal and Law Office of Rachel F. O'Neal, PC, filed the brief for appellant.

Ruth A. Casby, Janet M. Schroer, and Hart Wagner, LLP, filed the brief for respondents Northwest Gastroenterology Clinic LLC and Edward A. Galen, MD.

Jay W. Beattie, Nikola Lyn Jones, Matteo J. Leggett, and Lindsay Hart, LLP, filed the brief for respondent Holland Brown Cunningham, CRNA.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____
\* Lagesen, Chief Judge, vice Mooney, Senior Judge.

**ORTEGA, P. J.**

In this medical negligence case, plaintiff seeks reversal of the trial court's judgment dismissing his claims against defendants Northwest Gastroenterology Clinic (NGC), Edward Galen, MD, and Holland Cunningham, CRNA (defendants). Plaintiff raises four assignments of error on appeal, arguing that the trial court erred (1) by denying plaintiff's motion to file a fourth amended complaint; (2) by denying plaintiff's motion to compel the production of the clinic's audit log; (3) by denying plaintiff's motion for sanctions for discovery violations pursuant to ORCP 46 D; and (4) by denying plaintiff's motion to qualify his witness, Peter Murphy, M. D., as an expert on the standard of care and medical causation. After reviewing the record and the findings of the trial court, we conclude that the trial court did not abuse its discretion in denying plaintiff's motions to amend, to compel, and for sanctions, nor did it err in excluding Murphy's testimony. Accordingly, we affirm.

Plaintiff's primary care physician referred him to Galen, a gastroenterologist employed by NGC, for an upper endoscopy to evaluate his difficulty swallowing. After the procedure was completed, plaintiff had a pulseless electrical activity (PEA) event and had to be resuscitated. In an action originally filed in April of 2020, and in subsequent amended complaints, plaintiff alleged that defendants were negligent in assessing his comorbidities prior to performing the procedure in an ambulatory surgery center rather than a hospital setting and were negligent in defendants' post-procedure care in response to the PEA event.

Plaintiff's third and fourth amended complaints alleged new legal theories involving a new party which, according to plaintiff, were based on new information gleaned from a code sheet that was not produced until April of 2022. The trial court agreed that the code sheet should have been produced earlier and allowed plaintiff to move to file a fourth amended complaint based solely on purportedly new information from the code sheet. Defendants opposed the motion, arguing that the information on the code sheet was contemporaneously recorded in the anesthesia record, which had been provided to plaintiff in March of 2021. The trial court agreed

with defendants and determined that, due to the timing of the motion being so close to trial and the fact that the information was readily available over a year before, defendants would face undue prejudice if plaintiff was granted leave to amend.

Plaintiff then moved to compel NGC to produce an audit log of plaintiff's electronically stored medical records, and moved to sanction NGC for a "flagrant pattern" of discovery violations pursuant to ORCP 46 D. Plaintiff contended that NGC waited too long to produce pertinent evidence in the code sheet, and that NGC was hiding the audit log of plaintiff's medical records. The trial court denied the motion to compel and also denied the motion for sanctions, reasoning that those motions were improperly before the trial court because they should have been submitted to the motions judge, and, regardless, were meritless because NGC did not possess the audit log and had not engaged in any discovery violations requiring sanctions.

During trial, plaintiff moved to qualify pulmonologist Peter Murphy, MD as an expert in the standard of care for the pre-procedure screening of patients and for medical causation. After a contested hearing and testimony from Murphy, the trial court denied plaintiff's motion. Following a jury trial, the trial court entered a general judgment of dismissal, prompting plaintiff's appeal.

We first address plaintiff's contention that the trial court erred by denying his motion to amend his complaint. We review the denial of a motion to amend for abuse of discretion. *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 215, 460 P3d 494 (2020). ORCP 23 A states that "a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." When determining whether to grant a motion to amend, the trial court considers whether the amendment would present undue prejudice to the opposing party, and whether the amendment would be futile regardless of prejudice. *Eklof v. Persson*, 369 Or 531, 533, 508 P3d 468 (2022) ("[T]he gravamen of the inquiry under ORCP 23 A is prejudice to the opposing party, and we clarify that merit is relevant only insofar as ORCP 23 A permits leave to be denied for futile amendments.").

Here, the trial court did not abuse its discretion in denying plaintiff's motion to file a fourth amended complaint when that complaint added a new cause of action, a new party, and different damages just three weeks before trial. *See Humbird v. McClendon*, 281 Or 83, 86-87, 573 P2d 1240 (1978) ("It is not an abuse of *** discretion to deny amendment particularly where, as here, the proffered amendment totally changed the defendants' theory of the case and counsel offered no reasonable justification for the delay in filing a proper pleading."). The trial court was clear in its instruction that any change from the third amended complaint needed to derive from new information found in the code sheet in order for justice to require leave to amend despite the resulting prejudice to defendants. However, the information motivating plaintiff's changes was discoverable more than a year before the code sheet was produced. The trial court acted within its discretion in concluding that allowing such an amendment would unduly prejudice defendants, and that justice did not require leave to amend the complaint a fourth time.

Second, we address whether the trial court abused its discretion in denying plaintiff's motion to compel NGC to produce an audit log of plaintiff's electronically stored medical records. We review the denial of a motion to compel for abuse of discretion. *Meyer v. Oregon Lottery*, 292 Or App 647, 669, 426 P3d 89 (2018). Assuming without deciding that plaintiff preserved his argument on appeal, we conclude that the trial court did not abuse its discretion in denying plaintiff's motion to compel. The trial court found that NGC credibly represented that it was not in possession of an audit log, and plaintiff admitted to receiving an audit log from Legacy Health, the company that NGC said had possession of the audit log. On this record, the trial court did not abuse its discretion in denying a motion to compel evidence that NGC did not have and that plaintiff acquired through a subpoena elsewhere.

Similarly, the court did not err in failing to sanction NGC where it found that no discovery violations occurred. ORCP 46 D grants the trial court discretion to sanction a party who did not "comply with *** a request for production or inspection submitted under Rule 43, after proper service of the request ***." *See also Markstrom v. Guard Publishing Co.*, 315 Or App 309, 315 (2021) ("ORCP 46 D unambiguously

applies only in two circumstances—when a party (1) fails to appear for a deposition or (2) fails to comply with a request for production submitted under ORCP 43, after proper service of the request." (Internal quotation marks omitted)). Plaintiff alleges a "flagrant pattern" of discovery violations but did not supply adequate evidence to establish such a pattern. Arguably, NGC should have produced the code sheet earlier in the process, as well as the note from plaintiff's follow up visit with Galen. However, the trial court found that those discovery delays did not amount to a failure to comply with a request for production, and its decision against ordering sanctions was well within its discretion.

Finally, we address whether the court erred in excluding expert testimony by Murphy. We review the trial court's ruling on an expert's qualifications for legal error. *Johnson v. Keiper*, 308 Or App 672, 685, 481 P3d 994 (2021). Our case law acknowledges that in the medical malpractice realm, we have "allowed experts from schools of medicine different from the defendant's to testify to the standard of care, if they have the necessary knowledge." *Trees v. Ordonez*, 354 Or 197, 209, 311 P3d 848 (2013). Thus, "[t]he central inquiry *** on the qualification and admissibility of expert testimony is whether the expert has sufficient knowledge of the methods used by the practitioner in the circumstances to testify regarding the standard of care." *Id.* at 211. Here, the court did not err in denying plaintiff's motion to qualify Murphy as an expert. The court found that Murphy, while working in a similar setting, had never engaged in the planning of an upper endoscopy procedure. Murphy acknowledged that the complications from the procedure at issue in this case would be different than in his own specialty, but he maintained that the planning for both procedures would essentially remain the same. Given Murphy's lack of experience in planning an upper endoscopy procedure, the court concluded that Murphy "would not provide helpful testimony to the flip side of the choice of what really should have been done under the appropriate standard of care in the clinic for an upper endoscopy procedure as opposed to a hospital." The court did not err in so ruling.

Affirmed.