Argued and submitted November 1, 2019; decision of Court of Appeals reversed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings March 5, 2020

C.O. HOMES, LLC,
*Respondent on Review,*

*v.*

Nancy CLEVELAND,
and occupants,
*Petitioner on Review.*

(CC 17LT06237) (CA A165208) (SC S066504)

460 P3d 494

Plaintiff, C.O. Homes, LLC, brought a forcible entry and detainer (FED) action to recover possession of a residential dwelling unit subject to the Oregon Residential Landlord and Tenant Act (ORLTA), that was occupied by defendant, Nancy Cleveland. In its original FED complaint, plaintiff attached a 72-hour notice, which purported to terminate the parties' rental agreement due to tenant's failure to pay her security deposit. Under the ORLTA, a 72-hour notice of termination may be given for the nonpayment of rent. Two days before trial, plaintiff moved to amend its complaint to attach an additional notice of termination—a 30-day notice, which under the ORLTA, may be given "for cause." Like the 72-hour notice, the 30-day notice also purported to terminate the parties' rental agreement due to tenant's failure to pay her security deposit. On the morning of trial, and over tenant's objection that the proposed amendment added a new basis for landlord's FED claim and prejudiced tenant, the trial court allowed the amendment. Tenant appealed, and the Court of Appeals affirmed. *Held*: The trial court abused its discretion under ORCP 23 A when it allowed landlord to amend its complaint because the proposed amendment substantially changed landlord's claim for relief and would unduly prejudice tenant.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

Geoffrey B. Silverman, The Law Office of Geoffrey B. Silverman, Portland, argued the cause and filed the briefs on behalf of petitioner on review.

_____

* On appeal from Deschutes County Circuit Court, Walter Miller, Judge. 295 Or App 668, 433 P3d 786 (2019).

Helen C. Tompkins, Tompkins Law Office, LLC, Bend, argued the cause and filed the brief on behalf of respondent on review.

WALTERS, C. J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

## WALTERS, C. J.

In this forcible entry and detainer (FED) action to recover possession of a residential dwelling unit, we consider whether the trial court erred in allowing landlord's motion to amend its complaint, pursuant to ORCP 23, after the parties attended a first-appearance hearing and tenant filed her answer. In its original complaint, landlord alleged that it was entitled to possession based on a 72-hour notice—which, under ORS 90.394, may be given for nonpayment of rent—and attached that notice to its complaint. Two days before trial, landlord sought leave to amend its complaint to attach a different notice—a 30-day notice—which, under ORS 90.392, may be given "for cause," including a material violation of the rental agreement. For the reasons that follow, we conclude that the proposed amendment substantially changed landlord's claim for relief and prejudiced tenant, and that the trial court abused its discretion in allowing it. We reverse both the contrary decision of the Court of Appeals and the trial court judgment.

### BACKGROUND

Landlord, C.O. Homes, LLC, and tenant, Nancy Cleveland, entered into a rental agreement for a "dwelling unit," and the tenancy that resulted is governed by ORS chapter 90, the Oregon Residential Landlord and Tenant Act (ORLTA). ORS 90.115.[1] The parties' rental agreement provided that, in exchange for possession of the property, tenant would pay monthly rent and make monthly payments toward a security deposit. When tenant failed to make the security-deposit payments, landlord gave tenant a 30-day "for cause" notice of termination under ORS 90.392. About a month later, landlord gave tenant a different notice of termination—a 72-hour notice, which is permissible under ORS 90.394 if a tenant has failed to pay rent. Both notices stated that tenant had failed to make the security-deposit payments, but each stated that tenant owed a different

---

[1] The ORLTA, with some exceptions which are set out in ORS 90.110 and ORS 90.113, "applies to, regulates and determines rights, obligations and remedies under a rental agreement, wherever made, for a dwelling unit located within [Oregon]." ORS 90.115.

amount, and each designated a different date by which tenant had to cure the violation.[2]

Under ORS 90.392(1), a landlord may provide a 30-day notice terminating a rental agreement "for cause" and take possession of the premises as provided in the FED statutes, ORS 105.105 to 105.168. Causes for termination under ORS 90.392 include a tenant's "material violation" of the rental agreement, a tenant's "material violation" of ORS 90.325, or a tenant's failure to pay rent. ORS 90.392 (2)(a)-(c). Under ORS 90.392, a "for cause" notice must (1) specify the "acts and omissions constituting the violation"; (2) state that "the rental agreement will terminate upon a designated date not less than 30 days after delivery of the notice"; and (3) if the tenant can cure the violation, "state that the violation can be cured, describe at least one possible remedy to cure the violation and designate the date by which the tenant must cure the violation." ORS 90.392 (3)(a)-(c).[3] If the tenant cures the violation by the designated date, then the tenancy does not terminate; but if the tenant does not timely cure, then "the rental agreement terminates as provided in the notice." ORS 90.392(4)(b).

Under ORS 90.394, a landlord may terminate a residential rental agreement for nonpayment of rent on a shorter timeline: ORS 90.394 permits a landlord to terminate such a rental agreement for nonpayment of rent by giving a tenant at least 72 hours' written notice of termination.[4] The notice must state the amount of rent due and inform the tenant of the deadline by which the tenant must pay that rent to cure the violation. ORS 90.394(3). As with a 30-day notice of termination under ORS 90.392, if the tenant does not cure by the designated date, the rental agreement terminates, and the landlord may take possession of the premises as provided in the FED statutes. ORS 90.394.

---

[2] The 30-day notice informed tenant that she owed $900 toward her deposit and that, to cure that violation, she must pay that amount by April 7, 2017. The 72-hour notice informed tenant that she owed $1,200 toward her deposit that she must pay that amount by April 27, 2017 at 11:59 PM.

[3] The designated date for cure must meet the requirements of ORS 90.392(4)(a).

[4] ORS 90.394 provides that, depending on the circumstances, a landlord may provide either a 72-hour or a 144-hour notice of termination. In this case, the landlord provided a 72-hour notice of termination.

The FED statutes provide the process by which a landlord may recover possession of a residential dwelling unit after the landlord has terminated a rental agreement. When a tenant "remains in possession after a valid notice terminating the tenancy pursuant to ORS chapter 90," or the tenant fails to pay rent within 72 hours of the notice required by ORS 90.394, a tenant "unlawful[ly] hold[s] by force." ORS 105.115(2)(a)(A)-(B). And, when a tenant "unlawful[ly] hold[s] by force," a landlord may bring an FED action to recover possession. ORS 105.110. A landlord may not commence an FED action for the return of possession until "after the expiration of the time period provided in a notice terminating the tenancy." ORS 105.115(2)(b).

As noted, in this case, landlord delivered two notices of termination, and each notice gave tenant a different deadline to make the payment described in the notice. Landlord determined that those deadlines had passed, and, on May 1, 2017, landlord commenced this FED action by filing a complaint using the form provided in ORS 105.124. In such a complaint, a landlord must allege the notice that entitles the landlord to possession and indicate the statutory basis for the notice. ORS 105.124(1).[5] The landlord also must attach a copy of the notice to the complaint. ORS 105.124(3). If using the statutory form, the landlord may check a box indicating, for instance, that the landlord is entitled to possession because of a "72-hour or 144-hour notice for nonpayment of rent" under ORS 90.394 or because of "30-day notice with stated cause" under ORS 90.392. Each of those two statutes sets forth a "remedy," which a landlord may pursue in an FED action. ORS 90.401(1).[6]

Here, landlord used the statutory form, but did not check a box indicating the notice that entitled it to possession or the statutory basis for the notice. Landlord did, however, attach a notice to the complaint—the 72-hour notice. Landlord did not indicate in any way that it was relying

---

[5] ORS 105.124(1) provides that a landlord's complaint "must be in substantially the following form" and then sets out a form complaint with those components.

[6] ORS 90.401(1) states that "[a] landlord may pursue any one or more of the remedies set forth in ORS 90.392, 90.394, 90.396, 90.398, 90.403, and 90.405, simultaneously or sequentially."

upon the 30-day "for cause" notice and did not attach that notice to the complaint.

Landlord served tenant with the complaint and a summons in the form provided in ORS 105.113.[7] Such a summons must include a first-appearance date and must inform the tenant what will happen at that appearance: (1) the judge may ask the parties to try to reach a voluntary agreement; (2) if the parties do not reach an agreement or the tenant does not agree to move out, the court will schedule a trial; and (3) if the tenant wants a trial, the tenant must file an answer giving a reason why the tenant should not be evicted and pay a filing fee. ORS 105.135(2), ORS 105.113. If the tenant does not want a trial and does not contest the action, attorney fees may not be awarded to the landlord. ORS 105.137(3).

In this case, the parties attended a first-appearance hearing on May 10, 2017. They did not settle their dispute at that hearing and, later that day, tenant filed an answer. ORS 105.137 provides a statutory form for an answer and designates the required content of the answer.[8] Such an answer must deny that the landlord is entitled to possession and give the reason, including, for instance, that "[t]he eviction notice is wrong." ORS 105.137(7)(b). In this case, tenant did not use the statutory form for her answer, but she alleged that landlord was not entitled to possession because "[t]he notice of termination filed in this case is wrong."

On June 6, 2017, two days before trial, landlord filed a motion, pursuant to ORCP 23, seeking leave to amend its complaint to attach the 30-day "for cause" notice. In its motion to amend, landlord cited ORCP 23 A[9] and ORCP

---

[7] ORS 105.113 provides that the summons "must be in substantially the following form" and then sets out a form summons.

[8] ORS 105.137(7)(b) explains that a tenant's answer "shall be in substantially the following form" and then sets out a form answer.

[9] ORCP 23 A provides:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and

23 B[10] and argued that it should be allowed to attach the 30-day notice because tenant was aware of the notice, the proposed amendment would conform to the evidence, and tenant would not be prejudiced by allowing the amendment. The trial court considered landlord's motion at a pretrial hearing on the morning of trial. At that hearing, tenant opposed the motion, and, in the alternative, requested that the court postpone the trial. Tenant admitted that she had received the 30-day notice, but argued that the amendment would add a new claim for relief and that she would be prejudiced if landlord were permitted to rely on that notice for its claim for possession.

The trial court allowed landlord to amend its complaint, and it did not postpone the trial. In the court's view, landlord's claim was a claim that tenant had not made the required security-deposit payments, and attaching the 30-day notice to the complaint would not change that claim or prejudice tenant.

After landlord presented its case at trial, tenant moved for a directed verdict. Regarding the landlord's 72-hour notice, tenant argued that, under ORS 90.394, a landlord may not use a 72-hour notice to terminate a rental agreement for the nonpayment of a security deposit. A

leave shall be freely given when justice so requires. Whenever an amended complaint is filed, it shall be served upon all parties who are not in default, but as to all parties who are in default or against whom a default previously has been entered, judgment may be rendered in accordance with the prayer of the original pleading served upon them; and neither the amended pleading nor the process thereon need be served upon such parties in default unless the amended pleading asks for additional relief against the parties in default."

[10] ORCP 23 B provides:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

landlord may use such a notice only to terminate a rental agreement for nonpayment of rent, and the definition of "rent" under ORS 90.100(37) specifically excludes security deposits.[11] Therefore, tenant argued, the 72-hour notice was invalid. Tenant also argued that she should prevail on landlord's 30-day notice claim because landlord had not proved (1) that it had properly delivered the 30-day notice, (2) that the 30-day notice had been attached to the complaint, or (3) that the contents of the 30-day notice, such as the deadline for cure, were valid.

The trial court agreed with tenant that the 72-hour notice was invalid and granted her motion for a directed verdict as to that notice. However, the court denied tenant's motion as to the 30-day notice. When the court did so, tenant renewed her request to postpone trial, arguing that she needed time to prepare a defense against that notice. The trial court again denied that request and ultimately granted landlord possession based on the 30-day notice.[12] Tenant appealed, and the Court of Appeals affirmed without opinion. *C.O. Homes, LLC v. Cleveland*, 295 Or App 668, 433 P3d 786 (2019). Tenant sought, and we allowed, review.

## ANALYSIS

The issue before us is whether the trial court erred when it allowed landlord to amend its complaint pursuant to ORCP 23.[13] The Oregon Rules of Civil Procedure apply in FED actions "'except where a different procedure is specified by statute or rule.'" *Balboa Apartments v. Patrick*, 351 Or 205, 212, 263 P3d 1011 (2011) (quoting ORCP 1). The

---

[11] ORS 90.100(37) defines "rent" as "any payment to be made to the landlord under the rental agreement, periodic or otherwise, in exchange for the right of a tenant and any permitted pet to occupy a dwelling unit to the exclusion of others and to use the premises. 'Rent' does not include security deposits, fees or utility or service charges as described in ORS 90.315 (4) and 90.562."

[12] Both landlord's original complaint and landlord's amended complaint contained a request for attorney fees. After the trial, however, landlord informed the court that it was not requesting attorney fees under ORS 90.255. Accordingly, the trial court did not award them.

[13] Tenant also raises the issue of whether the trial court erred in denying her motion to postpone the trial. Because we conclude that the trial court abused its discretion in allowing landlord's motion to amend its complaint, we need not reach the postponement issue.

parties have not identified any such statute or rule, and we therefore begin our analysis with ORCP 23 A.

Under that rule, when a party may no longer amend his or her complaint as a matter of course, a party may "amend the pleading only by leave of court or by written consent of the adverse party." ORCP 23 A. Leave "shall be freely given when justice so requires." *Id.* Generally, "[i]n all circumstances in which the consent of the court is required, the court retains discretion to deny the motion." *Finney v. Bransom*, 326 Or 472, 483, 953 P2d 377 (1998); *see also Sheets v. Knight*, 308 Or 220, 236 n 15, 779 P2d 1000 (1989) ("The general rule [under ORCP 23 A] is that 'a ruling on a motion to amend pleadings is within the discretion of the trial court and that this court will not reverse the trial court on such a matter unless a manifest abuse of discretion has occurred.'" (Quoting *Pacific Form Corp. v. Burgstahler*, 263 Or 266, 274, 501 P2d 308 (1972).)), *abrogated on other grounds by McGanty v. Staudenraus*, 321 Or 532, 901 P2d 841 (1995).

In making their arguments about whether the trial court abused its discretion in allowing landlord's pretrial motion to amend, the parties rely on cases decided before the Oregon Rules of Civil Procedure were promulgated in 1979. ORCP 23 repealed and replaced *former* ORS 16.390 (1965). That statute similarly provided, in part, that a "court may, at any time before trial, in furtherance of justice and upon such terms as may be proper," permit an amendment. And, under that statute, appellate courts reviewed a trial court's decision permitting, or denying, a motion to amend pleadings for abuse of discretion. *See Morrill v. Rountree*, 242 Or 320, 325, 408 P2d 932 (1965) (noting that, under *former* ORS 16.390 (1965), *repealed by* Or Laws 1979, ch 284, § 199, a decision allowing or refusing an amendment is within "the sound discretion of the trial court, [and] that discretion must be exercised in furtherance of justice and may not be used to defeat justice").[14]

---

[14] ORCP 23 was intended to combine existing Oregon statutes and Rule 15 of the Federal Rules of Civil Procedure. *See Oregon Rules of Civil Procedure, Promulgated by the Council on Court Procedures*, 71 (Dec 2, 1978), http://counciloncourtprocedures.org/Content/Promulgations/1978_original_ORCP_promulgation.pdf (accessed Mar 2, 2020) (comment to ORCP 23). FRCP 15(a) provided that leave to amend "'shall be freely given when justice so

In this case, no party contends that the promulgation of ORCP 23 made a substantive change in the law as it applies to the pretrial amendment of pleadings, and, at least for purposes of deciding the issue before us, we find the pre-1979 cases that the parties cite both helpful and persuasive. Under those cases, the gravamen of the inquiry is whether allowing a pretrial amendment would unduly prejudice the opposing party. *See Quirk v. Ross*, 257 Or 80, 83-84, 476 P2d 559 (1970) (explaining that a motion to amend should be allowed "unless the other party will be prejudiced in some respect"); *Oregon P.O. Bldg. Corp. v. McVicker*, 246 Or 526, 529, 426 P2d 458 (1967) (explaining that "[i]t is important to consider the effect of the amendment upon the adverse party"); *see also Reeves v. Reeves*, 203 Or App 80, 85, 125 P3d 755 (2005) (explaining that the "longstanding rule" is that "an amendment should be allowed unless the other party is prejudiced"); *Franke v. ODFW*, 166 Or App 660, 671, 2 P3d 921 (2000) (holding that, "in the absence of prejudice to plaintiff arising from the delay in asserting the defense, *** the trial court abused its discretion in denying defendants' motion for leave to amend their answers").

In evaluating whether such prejudice exists, a court considers factors such as whether the party opposing the motion had "a reasonable opportunity to research appropriate law, move against the pleading, avail [himself or her]self of discovery procedures, and prepare requested instructions." *Oregon P.O. Bldg. Corp.*, 246 Or at 529. "Generally, the further a case proceeds, the more reluctant the courts are to permit amendments." *Perdue v. Pac. Tel. & Tel. Co.*, 213 Or 596, 606, 326 P2d 1026 (1958); *see also Sheets*, 308 Or at 236 n 15 (trial court's decision denying plaintiff's motion to amend complaint on the morning of trial was proper under ORCP 23 A). Another important consideration in assessing prejudice is whether the proposed amendment would change the claim for relief. A court may *allow*

requires.'" *See Foman v. Davis*, 371 US 178, 182, 83 S Ct 227, 9 L Ed 2d 222 (1962) (quoting FRCP 15(a)). Under FRCP 15(a), "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.* In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of [the] amendment," leave should be freely given. *Id.*

a motion to amend "if there is no prejudice to the defendant and no material change in the substance of the complaint." *See Oak Grove Parr v. McCutcheon Const.*, 275 Or 381, 385, 550 P2d 1382 (1976); *see also Alexander v. State of Oregon*, 283 Or App 582, 590, 390 P3d 1109 (2017) (explaining that "trial courts have 'ample discretionary authority to allow amendments, provided the proffered amendment does not substantially change the cause of action or inject an entire new element of damage'" (quoting *Cutsforth v. Kinzua Corp.*, 267 Or 423, 433-34, 517 P2d 640 (1973))). By the same token, if a proposed amendment would change the claim for relief and prejudice the opposing party, a court may *deny* a motion to amend. *See Humbird v. McClendon*, 281 Or 83, 86-87, 573 P2d 1240 (1978) (holding it was not an abuse of discretion to deny a motion to amend where amendment changed theory of the case).

In this case, landlord's argument that its proposed amendment did not unduly prejudice tenant begins from the premise that the amendment did not, as landlord puts it, add a new "basis for recovery." As noted, before landlord filed its complaint, it issued two notices to tenant—a 30-day notice under ORS 90.392 and a 72-hour notice under ORS 90.394—and each notice purported to terminate the parties' rental agreement due to tenant's failure to make security-deposit payments. Landlord does not dispute the trial court's conclusion that the 72-hour notice was invalid. It argues, however, that the 72-hour notice provided the tenant with the same substantive information as did the 30-day notice: Both notices informed tenant that her security-deposit payments were past due and stated that landlord intended to terminate tenant's lease due to her failure to make those payments. According to landlord, attaching the 30-day notice did not change the basis for the termination of the tenancy, or consequentially, its "basis for recovery."

Tenant sees the two notices differently. She argues that separate statutes describe the different notices that permit a landlord to terminate a residential rental agreement in different factual circumstances. In this case, tenant observes, the two notices on which landlord relied were delivered "on different days, by different individuals, with different deadlines to comply," and each permitted tenant

to assert different defenses—some of which did not depend on whether tenant had in fact failed to make her security-deposit payments. From tenant's perspective, to prove that a landlord is entitled to possession, the landlord must prove more than that a tenant has violated the rental agreement. The landlord also must demonstrate that it delivered a particular, valid notice that effectively terminated the rental agreement.

As is evident from the parties' arguments, they have conflicting understandings of what constitutes an FED "claim" for possession of a residential dwelling unit and what constitutes a change in such a claim. This court has recognized "that the definition of a claim for relief *** will vary depending on the context in which that phrase is used." *Ram Technical Services, Inc. v. Koresko*, 346 Or 215, 236 n 12, 208 P3d 950 (2009). When the context is whether a trial court erred in permitting a party to amend its complaint, this court uses the definition of a "claim" set out in *Elliot v. Mosgrove*, 162 Or 507, 540, 93 P2d 1070 (1939) (on rehearing). *Ram Technical Services, Inc.*, 346 Or at 236 (discussing *Elliot*). In *Elliot*, the question was whether the trial court had abused its discretion in allowing a plaintiff to amend his complaint because, according to the defendant, the amended complaint had "substantially change[d]" the claim for relief. 162 Or at 544. *Elliot* defined a claim as "an aggregate of operative facts which give rise to one or more relations of right-duty between two or more persons." *Id.* at 545. As the court in *Elliot* explained, "[the] test is not absolute identity of all the operative facts, but whether the number of operative facts common to each situation is sufficiently large to make the treatment of the [claim] as a unit desirable for convenient and efficient trial work." *Id.* at 546. In *Elliot*, this court held that the trial court did not abuse its discretion when it allowed a proposed amendment because, "after its allowance neither party felt it was necessary to offer additional proof." *Id.* at 554.

Applying that definition, we must analyze the operative facts that give a landlord the right to possession of a dwelling unit subject to the ORLTA. As explained at the outset, the FED statutes permit a landlord to bring an action to recover possession of such premises when a tenant

unlawfully holds possession "by force," ORS 90.110, and, as relevant here, a tenant does so when the tenant "remains in possession after a *valid* notice terminating the tenancy pursuant to ORS chapter 90" or fails to pay rent within 72 hours of the notice required by ORS 90.394, ORS 105.115(2)(a)(A)-(B) (emphasis added). A landlord may not file an action for the return of possession until after the expiration of the time period provided in the notice terminating the tenancy. ORS 105.115(2)(b). A landlord's complaint must allege that the landlord is entitled to possession, specify the particular notice that entitles the landlord to possession, and provide the statutory basis for that notice. ORS 105.124. Each particular notice is a different "remedy" that a landlord may pursue to terminate a rental agreement. ORS 90.401. Thus, the operative facts in an FED action for possession of a dwelling unit governed by the ORLTA are, at a minimum, that the landlord gave the tenant a valid notice in accordance with a particular statutory provision of the ORLTA and that the tenant remained in possession of the unit after the time period specified in the notice expired. A tenant's violation of a rental agreement may give a landlord the right to give a notice of termination, but it is the particular notice, and not the violation, that entitles a landlord to assert a claim for possession.[15]

In this case, then, it is apparent that landlord's original claim for relief was a claim that landlord was entitled to possession based on a 72-hour notice of termination under ORS 90.394, which permits a landlord to terminate a rental agreement for nonpayment of rent. Although the 72-hour notice informed tenant that she had failed to make required security-deposit payments, there was nothing in that notice or in the original complaint informing tenant that landlord was basing its claim for possession on ORS 90.392, the statute that entitles a landlord to possession for a material breach of a rental agreement, or on the 30-day "for cause" notice permitted by that statute.

---

[15] In turn, the validity of the notice in any given case may depend on a number of things. In this case, for instance, tenant argued that the 72-hour notice was invalid because a landlord may not use a 72-hour notice to terminate a rental agreement for the nonpayment of a security deposit, and, as discussed below, tenant contends that she could have argued that the 30-day notice was invalid because it was not delivered 14 days before the deadline for cure.

Thus, when landlord sought to amend its complaint to add a 30-day "for cause" notice, it substantially changed the operative facts on which its claim was based. And, unlike the party opposing the amendment in *Elliot*, tenant here considered it "necessary to offer additional proof," to contest the 30-day notice. 162 Or at 554. The 30-day notice was not delivered on the same date as the 72-hour notice, and its validity depended on different facts, including whether it provided tenant with enough time, as required by ORS 90.392, to cure the alleged violation of the rental agreement.

As discussed, the question then becomes whether landlord's proposed amendment was likely to result in undue prejudice. Here, landlord argues that tenant was not prejudiced by the addition of the 30-day notice because, when it filed its original complaint, tenant already had received that notice and was aware that landlord was claiming that she had failed to make security-deposit payments. Thus, landlord contends, when tenant received landlord's complaint, she already had all the information she needed to address the merits of landlord's claim for possession.

Tenant's argument that landlord's amendment was unduly prejudicial is two-fold. First, tenant argues that, although she was prepared to challenge the validity of the 72-hour notice at trial, she was not prepared to address the validity of the 30-day notice; she was not aware that landlord would rely on that notice until two days before trial. Tenant posits that she could have prepared successful defenses to the 30-day notice if she had been given time to do so. For example, she suggests that she could have challenged whether delivery of the 30-day notice was timely and had given her enough time to cure, as required by ORS 90.392 (4)(a)(A).[16]

---

[16] Landlord testified at trial that it had mailed the 30-day notice on March 24, 2017, but tenant asserts that the envelope tenant received with that notice had a postmark of March 27. According to tenant, if the letter was actually sent on March 27, the deadline to cure provided in the notice would have been incorrect: Under ORS 90.392(4)(a)(A), a tenant must be given 14 days from receipt of the notice to cure the alleged violation, and here, the date by which tenant had to cure was April 7, 2017. Tenant argues that, had she known that the 30-day notice was going to be at issue, she could have prepared to contest its timeliness.

Second, tenant argues that she was prejudiced in that, by the time landlord filed its motion to amend, she already had made certain consequential strategic decisions regarding her case. At the first-appearance hearing, tenant was given, as the FED statutes require, an opportunity to settle the case without incurring the costs and risks associated with going to trial. Believing—correctly—that her defense to landlord's claim based on the 72-hour notice was strong,[17] tenant decided to contest the eviction. Tenant filed an answer, and, in doing so, she exposed herself to a potential award of attorney fees. Once tenant contested the case, she was not entitled to another "first appearance" hearing or to any other statutory procedure that would enable her to reevaluate whether to contest landlord's claim and thereby avoid that exposure.

We agree with tenant's argument as to the prejudice she was facing. As we have explained, landlord's claim to possession depended not only on whether tenant had violated the rental agreement, but also on whether landlord had properly terminated that agreement by providing tenant with a valid notice of termination. Landlord's proposed amendment added a new claim for relief and tenant had insufficient time to address that claim. Perhaps even more significantly, landlord's motion came after tenant had filed her answer contesting the action and exposing her to potential liability for attorney fees. In considering landlord's motion to amend under ORCP 23 A, the trial court failed to recognize that landlord's claim had changed and that tenant would be unduly prejudiced by that change. The trial court abused its discretion in granting landlord's motion under ORCP 23 A.[18]

---

[17] As noted, the trial court granted tenant's motion for directed verdict as to landlord's 72-hour notice claim, and landlord does not challenge that ruling on appeal.

[18] Landlord argues that any abuse of discretion in allowing the amendment was harmless. As we understand landlord's argument on that score, it mirrors its argument that the trial court did not err in permitting the amendment. Landlord asserts that allowing the amendment was harmless because tenant had received the 30-day notice before trial and both the 72-hour notice and the 30-day notice informed tenant that landlord was terminating their agreement due to the nonpayment of the security deposit. We reject landlord's harmless-error argument for the same reasons that we conclude that the trial court erred in allowing landlord's motion to amend.

That conclusion does not, however, resolve this case. We must turn, however briefly, to landlord's alternative argument that the trial court's decision was not an error when evaluated under ORCP 23 B. One circumstance in which ORCP 23 B applies is when "issues not raised by the pleadings are tried by express or implied consent of the parties."[19] In that circumstance, the rule permits a court to allow an amendment to "conform to the evidence." *Id.*

In this case, landlord argued at the pretrial hearing on landlord's motion to amend that its proposed amendment should be allowed because it would conform to the evidence at trial. At that time, however, no issue had been "tried by the express or implied consent of the parties." The trial had not started, and tenant had objected, rather than consented, to enlarging the scope of the pleadings to permit trial of issues related to the 30-day notice.

Perhaps recognizing the difficulty of fitting a square peg into a round hole, landlord makes a different argument here than it did below. Landlord acknowledges that, after it offered the 30-day notice as evidence at trial, tenant objected. Landlord points out, however, that tenant does not challenge that evidentiary ruling on appeal. Landlord seems to argue that tenant's failure to do so constitutes "consent" to trial of the issues relating to the 30-day notice. Landlord's argument is without merit. By objecting below to landlord's pretrial motion to amend and assigning error to that decision on review, tenant did all that was necessary to present that issue for our consideration. Tenant's failure to assign error to a different trial court ruling is immaterial to the issue that we decide today—that the trial court abused its discretion in granting landlord's pretrial motion to amend its complaint.[20]

---

[19] ORCP 23 B also applies if "evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings." In that circumstance, the court may allow the pleadings to be amended "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits." ORCP 23 B. Landlord does not appear to argue that we should affirm the trial court's ruling on those grounds.

[20] The case on which landlord relies—*Engelcke v. Stoehsler*, 273 Or 937, 944, 544 P2d 582 (1975)—does not advance landlord's arguments. In *Engelcke*, the

## CONCLUSION

In sum, because landlord's proposed amendment substantially changed its claim for relief and prejudiced tenant, the trial court abused its discretion when it allowed landlord to attach the 30-day "for cause" notice to its complaint.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

party moving to amend did so *after* it had presented its case at trial, and, when we held that the motion to amend in that case should have been granted, we noted that there had been no objection *during trial* to the evidence that permitted the amendment. *Id.* at 941, 945. Those circumstances are not present in this case; here tenant *objected* to landlord's *pretrial* motion to amend.