Argued and submitted March 23, 2021, reversed and remanded March 16, 2022

RLF LIQUIDATING, LLC,
an Oregon limited liability company,
*Plaintiff-Respondent,*

*v.*

McDONALD BROTHERS, INC.,
an Oregon corporation,
*Defendant,*

*and*

Thomas A. McDONALD
and Alexander E. McDonald,
*Defendants-Appellants.*

Multnomah County Circuit Court
18CV08201; A171217

507 P3d 758

Defendants Thomas and Alexander McDonald appeal from judgments entered against them in this collection action by plaintiff for attorney fees billed by the Rose Law Firm to McDonald Brothers, Inc. Plaintiff filed for summary judgment on all of its claims. Plaintiff argued in particular that defendants' statute of limitations defense was "unsupportable" because defendants admitted in their answer that a tolling agreement remained in effect and that plaintiff's claims were, thus, not time barred. Defendants subsequently moved to amend their answer to delete the admission, which was at odds with their statute of limitations defense. The court denied the motion and, following trial, ruled in favor of plaintiff. Defendants assign error to the trial court's denial of their motion for leave to amend their answer. *Held*: The trial court abused its discretion in denying defendants' motion to amend their answer.

Reversed and remanded.

Kathleen M. Dailey, Judge.

Matthew J. Kalmanson argued the cause for appellants. Also on the briefs were Ruth A. Casby and Hart Wagner LLP.

Charles Ford argued the cause for respondent. Also on the brief was Rose Law Firm, P.C.

Before Mooney, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.*

_____
* Pagán, J., *vice* DeHoog, J. pro tempore.

MOONEY, P. J.

Reversed and remanded.

## MOONEY, P. J.

Defendants Thomas McDonald and Alexander McDonald (defendants) appeal from the general and supplemental judgments entered against them in this collection action for attorney fees that the Rose Law Firm (RLF) billed to McDonald Brothers, Inc. (MBI) in January 2008.[1] RLF's assignee, RLF Liquidating, LLC (plaintiff), filed this lawsuit against MBI and defendants as MBI's guarantors. The trial court ruled in favor of plaintiff, awarding attorney fees with pre- and post-judgment interest at the rate of 18 percent. Defendants assign error to the court's denial of their motion for leave to amend their answer; to the court's ruling in plaintiff's favor based on a "pleading mistake;" and to the court's award of post-judgment interest at the rate of 18 percent. We conclude that the trial court erred in denying defendants' motion to amend, which makes it unnecessary for us to reach the second and third assignments of error. We, therefore, reverse and remand.

We review a trial court's decision to grant or deny a motion to amend a pleading for abuse of discretion. *Ramsey v. Thompson*, 162 Or App 139, 144, 986 P2d 54 (1999). ORCP 23 A provides that leave to amend "shall be freely given when justice so requires." Although a trial court has broad discretion to grant or deny leave to amend, it must "comport with ORCP 23 A's directive" favoring liberal amendment. *Ramsey*, 162 Or App at 144.

In 2006, MBI retained RLF to represent it on two financial transactions concerning property in Fairview, Oregon. RLF and MBI entered into a written fee agreement for those legal services. The fee agreement required payment within 28 days of each invoice, with an 18 percent interest rate on overdue balances. MBI paid RLF some, but not all, of the invoiced amounts. On December 26, 2007, defendants signed a personal guaranty for amounts due and owing under the fee agreement. RLF's final invoice to MBI, dated in January 2008, was in the amount of $35,663.53.

---

[1] Defendant MBI is not a party to this appeal. We refer to Thomas McDonald and Alexander McDonald collectively as "defendants."

In March 2012, the parties signed a tolling agreement, with an effective date of June 28, 2011. The purpose of the agreement was "[t]o allow time to resolve" RLF's "claim" against MBI and defendants for the outstanding account balance without litigation. To that end, the agreement tolled the statute of limitations for the period beginning June 28, 2011, "until this Agreement, in conformity with paragraph 3 below, is terminated by one party." Paragraph 3 provides that the tolling agreement "shall remain in force and effect until thirty (30) days after any party to this Agreement gives written notice of termination to the other party."

RLF sent defendants a letter on September 11, 2013, demanding payment of its account in full and proposing a payment schedule "to resolve this matter." RLF invited discussion about "these matters" but also indicated that, in the absence of a "respon[se] to this compromise proposal," it "may immediately take judicial action to collect the entire amount due under the Fee Agreement and Guaranty." Fourteen days later, defendants filed for bankruptcy. RLF filed a claim in the bankruptcy proceeding, but the bankruptcy case was dismissed before RLF's claim was resolved.

Plaintiff filed the collection action now at issue on March 7, 2018, seeking an award of $125,418.42. In paragraph eight of the complaint, plaintiff alleged:

> "Effective June 28, 2011, MBI, RLF[], Rose and Guarantors entered into a tolling agreement (the 'Tolling Agreement') which is attached hereto and incorporated herein as Exhibit 3. The Tolling Agreement tolled the running of the statute of limitations relating to the Claim. *The Tolling Agreement has remained in effect at all times since June 28, 2011.* The Tolling Agreement also provided that, as of July 29, 2008, the total amount owed by MBI to RLF1 for Services was $46,279.86 (the 'Account Balance')."

(Emphasis added.)

Defendants filed a motion to dismiss, arguing that the tolling agreement had been terminated by plaintiff's September 11 letter, and that the statute of limitations had run. Plaintiff opposed the motion, arguing, in part, that the letter had not terminated the agreement. Defendants withdrew their motion and filed their first answer, in which they

admitted a number of allegations contained within the complaint, including, most notably, the allegations in paragraph eight. In the body of their answer, however, defendants affirmatively alleged that the statute of limitations had run on plaintiff's claim. They also raised an affirmative defense based on the statute of limitations. RLF asserted the tolling agreement in reply to defendants' affirmative defense, denying that the statute had run. Defendants amended their answer three times, adding various affirmative defenses, but they did not alter the admissions or assertions in the body of their answers, and they did not alter their first affirmative defense that was based on the statute of limitations.

Plaintiff filed a motion for summary judgment on all of its claims, arguing, as relevant here, that defendants' statute of limitations defense was "without basis in fact" and "legally unsupportable" due to defendants' admission of paragraph eight of the complaint—that the tolling agreement had been in effect at all times since June 28, 2011. Defendants opposed the motion and filed a cross-motion for summary judgment, seeking judgment in their favor based on their statute of limitations defense.

The parties appeared for oral argument on the summary judgment motions before a judge pro tempore. At that time, defendants made an oral motion to amend their answer by interlineation:

> "As to the tolling agreement, I do apologize. There was an inadvertent mistake on our answer. We did include paragraph eight because part of it was true that the tolling agreement was signed.

> "We would move the Court to interlineate that to remove paragraph eight from the admissions so that it was part of the denial.

> "* * * * *

> "* * * I think there's a question of fact as to the validity of the tolling agreement to begin with and how long it lasted."

Defendants referred to the admission as a "typo" and stated that they intended only to admit the part of paragraph eight that alleged that the tolling agreement had been signed.

The judge declined to consider the oral motion to amend, given his limited role as judge pro tempore assigned to hear and rule on the motions for summary judgment. Four days after that hearing, defendants filed a "Motion to Amend Defendants' Third Amended Answer by Interlineation," seeking to amend their pleading by omitting the admission of paragraph eight. One week later, the judge pro tempore granted plaintiff's summary judgment motion as to MBI, relying on MBI's admission of paragraph eight of the complaint. It denied plaintiff's motion as to defendants, due to its conclusion that the guaranty contract was ambiguous, and it denied defendants' cross-motion for summary judgment.

Plaintiff thereafter opposed defendants' motion to amend, arguing that the motion, filed less than six weeks before trial, would "call into question the Court's ruling on summary judgment" and would result in "obvious prejudice" to it. Plaintiff correctly noted that defendants had admitted paragraph eight of the complaint in each of its answers, but it also acknowledged that the tolling agreement was "a central issue," referring to it as defendants' "only defense." During the hearing on the motion, defense counsel responded that the admission of paragraph eight should have been "tempered by the fact that in every pleading we've done, we've said the statute of limitations was—had run." The trial court denied the motion for leave to amend, finding that it was "too close to the trial date," which prejudiced plaintiff. It also noted that there was at least "a real question" about the merits of whether a demand letter was sufficient to terminate the tolling agreement.

At trial, the court determined that it was bound by the pre-trial decision to deny defendants' motion to amend. The court received evidence relating to the tolling agreement, including testimony about RLF's September 11 letter, and the parties litigated the statute of limitations issue as well as the guaranty issues. The court rejected the statute of limitations defense, determining that defendants' admission of paragraph eight in its answer was a judicial admission "conclusive as to the effect of the tolling agreement, and that the statute of limitations has therefore not run on Plaintiff's claims." The court entered a general judgment

against defendants for $35,663.54, plus $72,706.72 in interest, with post-judgment interest at 18 percent. In a supplemental judgment, the court awarded plaintiff $78,955.45 for attorney fees, also with an 18 percent interest rate.

Whether and when a civil pleading may be amended is governed by ORCP 23 A, which provides:

> "[a] pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

We have previously identified certain factors for courts to weigh when considering a motion for leave to amend a pleading: "(1) the nature of the proposed amendments and their relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments." *Ramsey*, 162 Or App at 145. We review those factors individually, and jointly as they overlap, to determine whether the court properly exercised its discretion.

As to the first *Ramsey* factor, if the amendment is not a product of a "unilateral effort" to add an entirely new claim into the litigation, but instead to "cure deficiencies," the first factor favors amendment. *Id.* at 147. As long as "neither the parties nor the underlying facts have changed," leave to amend is favored. *Herinckx v. Sanelle*, 281 Or App 869, 880, 385 P3d 1190 (2016). This factor weighs in favor of permitting the amendment because it did not purport to add a new claim or defense. The statute of limitations defense had been raised in every answer defendants filed. The amendment would have served only to clarify that defense by removing a general admission that was, at least in part, inconsistent with the specific defense. Neither the parties nor the underlying facts had changed.

Next, we consider whether the proposed amendment would cause prejudice to plaintiff. Whether the amendment

would unduly prejudice plaintiff, as the opposing party, is the "gravamen" of the overall inquiry. *C.O. Homes, LLC v. Cleveland*, 366 Or 207, 216, 460 P3d 494 (2020). A "vague claim of prejudice" is not sufficient to establish how plaintiff would be prejudiced, particularly where, as here, the parties recognize that whether plaintiff's claims are time-barred has been an issue "in contention" since defendants filed their first answer. *Safeport, Inc. v. Equipment Roundup & Mfg., Inc.*, 184 Or App 690, 700, 60 P3d 1076 (2002). Plaintiff did not claim to be misled or surprised by the motion. Plaintiff's argument that the timing of the amendment would deprive it of the ability to file another summary judgment motion ignores that ORCP 47 C permits the court to "modify" the "stated times" for filing such motions. Moreover, plaintiff's argument that allowing the amendment would call into question the earlier rulings on the summary judgment motions is not an allegation that plaintiff would be prejudiced by the amendment, only that it might have to engage in further argument on the statute of limitations issue. The second factor does not weigh against amendment.

Having already addressed some of the timing issues raised by plaintiff in the context of the prejudice factor, we briefly note that the third *Ramsey* factor directly concerns timing and other docketing concerns. *Ramsey*, 162 Or App at 145. Defendants moved to amend their answer to delete the admission to paragraph eight at the time of the hearing on plaintiff's motion for summary judgment that raised that admission as a basis for prevailing against defendants' first affirmative defense. To be sure, that motion could have been filed sooner, but defendants' opposition to plaintiff's summary judgment motion and its own cross-motion for summary judgment placed the question of whether the tolling agreement remained in effect squarely at issue. Although it would be an easier case if defendants had filed their motion sooner, it is worth noting that when they made their oral motion, the trial court declined to entertain it for reasons that had nothing to do with the timing or the merits of the motion. Defendants filed their written motion to amend five days later. There is no suggestion that defendants purposely or improperly delayed seeking amendment, and the court cited no timing concerns other than proximity to the trial

date. As we have discussed, that is not enough to justify denial of the motion. The third factor does not weigh against amendment.

Finally, we turn to the colorable merit of the proposed amendment. The thrust of defendants' argument is that plaintiff's September 11, 2013, letter effectively terminated the tolling agreement. For a party to make an amendment, they must only show that there is "colorable merit" to their proposed amendment. *Ramsey*, 162 Or App at 145. In *Ramsey*, although the court found that it could not properly assess the success of the amended claim, it concluded that the proposed amendment "would, at least, have eliminated a fatal defect and rendered [the defense] facially legally sufficient." *Id.* at 148. This case is similar to *Ramsey*. If defendants had been granted leave to amend, they would have removed an apparent inconsistency in their answer, eliminating the pleading defect that "admitted" the tolling agreement was in effect, and supporting the facial sufficiency of the statute of limitations defense. At most, the amendment would have clarified the existence of a significant legal issue of which the parties had long been aware.

Because the proposed amendment, filed nearly six weeks before trial, would neither change nor add a claim or defense, and because it would not prejudice plaintiff given that the statute of limitations defense was raised by defendants in every answer they filed, we conclude that it was an abuse of discretion to deny defendants' motion to amend. Accordingly, we reverse and remand both judgments.

Reversed and remanded.