No. 598 August 28, 2024 601

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

IVAN KARPLYUK,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Marion County Circuit Court
21CV47897; A180260

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Margaret Huntington and O'Connor Webber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

BALMER, S. J.

Affirmed.

**BALMER, S. J.**

Petitioner appeals from a judgment denying him post-conviction relief. Petitioner was charged with second-degree robbery (a felony) and other crimes for demanding and taking money from a hotel desk clerk while brandishing a screwdriver. He pleaded guilty to second-degree robbery and, pursuant to the parties' stipulation, the trial court imposed a downward departure sentence of probation. Petitioner, however, failed to comply with the requirements of the mental health court in which he participated, his probation was revoked, and the trial court imposed the stipulated sentence of 34 months in prison. After his release from prison, federal immigration officials detained petitioner. At the time of his petition for post-conviction relief, petitioner faced deportation to Ukraine.

In denying relief, the post-conviction court found that petitioner was not credible when he claimed that trial counsel did not inform him of the immigration consequences of his plea, that there was no evidence that the state would have agreed to a misdemeanor conviction, and that, as a practical matter, petitioner "might have avoided ICE scrutiny if he had complied with his probation." The post-conviction court also found that, although trial counsel did not pursue a "mental defense"—that petitioner lacked the *mens rea* to commit second-degree robbery because of his mental health issues—"[t]he evidence against Petitioner was very strong." Finally, the trial court found that petitioner had "not shown that but for Trial Counsel's advice he would have gone to trial."

On appeal from the post-conviction court's denial of relief, petitioner argues that the post-conviction court erred when it denied his motion for leave to amend the petition. Leave to amend a post-conviction petition is controlled by ORS 138.610 and ORCP 23 A. ORS 138.610 provides, in part, that the court "may make appropriate orders as to the amendment of the petition or any other pleading." ORCP 23 A provides, in part, that leave to amend a pleading "shall be freely given when justice so requires." We review the denial of a motion for leave to amend for abuse of discretion. *Eklof v. Persson*, 369 Or 531, 537, 508 P3d 468 (2022). "Discretion" refers to the authority of a trial court to choose

among several legally correct outcomes. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.* Although "amendments are to be permitted 'freely,' which will ordinarily benefit the party seeking amendment, the additional component of the rule—'when justice so requires'—means that the court must consider the fairness to both parties of allowing the amendment." *Eklof*, 369 Or at 540.

Here, on December 15, 2021, petitioner filed a petition for post-conviction relief arguing that his trial counsel was ineffective in failing to advise him that he was likely to be deported if he pleaded guilty to second-degree robbery. Trial was set for September 15, 2022. On September 2, 2022, petitioner moved for leave to file an amended petition adding a claim that trial counsel was ineffective in failing to investigate whether petitioner lacked the *mens rea* to commit the offense of second-degree robbery. The state objected to the motion, because the case was set for trial less than two weeks later. In denying the motion, the post-conviction court took note of the trial date and stated that "[p]etitioner is a little late to amend without a continuance."

Subsequently, the trial date was continued to October 13, 2022, and petitioner sought reconsideration of the denial of his motion for leave to amend. The state objected to the motion for reconsideration, arguing that, even with the rescheduled trial date, permitting the amended petition would not comply with UTCR 24.100.[1] The state also argued that the parties already had filed their trial memoranda and exhibits, and that petitioner's proposed amended petition contained new substantive claims that the state was unable to respond to and to prepare for before trial. Finally, the state noted that petitioner's counsel had expressly agreed to the October 13, 2022, trial date—presumably because both parties and the judge all wanted the case to be resolved quickly,

---

[1] UTCR 24.100(1) provides that trials in post-conviction relief cases "will be scheduled as soon as possible after defendant's answer is filed or after the date for filing an answer has passed but, unless the parties consent, trial shall not be scheduled sooner than 90 days after the date the answer is filed or the date for filing an answer has passed."

given petitioner's ICE detention. The post-conviction court denied the motion for reconsideration.

We conclude that the post-conviction court did not abuse its discretion when it denied leave to amend the petition. The record indicates that the post-conviction court wanted to resolve the case "as promptly as possible" precisely because petitioner was in ICE custody and faced deportation. Notably, in seeking leave to amend, petitioner did not request a continuance. The timing of the motion for leave to amend and the concern to resolve the case promptly weighed against granting it. *See C.O. Homes, LLC v. Cleveland*, 366 Or 207, 216, 460 P3d 494 (2020) ("Generally, the further a case proceeds, the more reluctant the courts are to permit amendments." (Internal quotation marks omitted.)).

As noted, petitioner's proposed amendment would have added a new claim arguing that trial counsel was ineffective in failing to investigate and inform petitioner of a "lack of *mens rea* defense" to the charge of second-degree robbery. Up to that point, the focus of the case had been on whether trial counsel properly advised petitioner about the immigration consequences of his plea, and whether his guilty plea was knowing and voluntary. At trial, in its cross-examination of petitioner's trial counsel, the state focused on establishing that trial counsel reviewed the plea petition with petitioner, which stated that conviction of a crime will result in deportation. If the post-conviction court had permitted the amendment, it would have prejudiced the state, because it would have significantly altered the nature of the case and the work necessary to defend against petitioner's new claim at a time when the trial memoranda and exhibits had already been filed and trial was less than two weeks away. *Cf. RLF Liquidating, LLC v. McDonald Brothers, Inc.*, 318 Or App 321, 327, 507 P3d 758, *rev den*, 369 Or 733 (2022) (determining in part that the trial court abused its discretion in denying leave to amend because the amendment did not purport to add a new claim or defense). Based on the timing of the proposed amendments, petitioner's failure to request a continuance, and the prejudice to the state that would have been caused by the proposed amendments, we conclude that it was within the post-conviction court's discretion to deny the motion for leave to amend.

We also observe that several other findings and conclusions by the post-conviction court, supported by the record, bolster our conclusion that the post-conviction court did not abuse its discretion in denying petitioner's motion to amend. Although the court had not allowed evidence of petitioner's mental health issues to show that trial counsel should have pursued a *mens rea* defense, the court did allow such evidence on the issue of whether petitioner could establish prejudice to him from trial counsel's alleged inadequacy. And based on that evidence, as noted above, the post-conviction court observed that such a defense was unlikely to prevail given the "strong evidence" against defendant. Additionally, the court concluded that the prosecution would not have agreed to a misdemeanor plea; that the plea agreement trial counsel had negotiated—a downward departure from a Measure 11 sentence to probation and a stipulated 34-month sentence if probation was not successful—was a reasonable one; and that petitioner had failed to show that, but for trial counsel's advice, he would have gone to trial. *See Eklof*, 369 Or at 542 ("even absent a showing of prejudice, justice does not require futile amendments to be allowed").

Petitioner also assigns error to the denial of his motion for reconsideration. The state did not challenge our ability to review the denial of a motion for reconsideration, but we note that such motions can create procedural problems on appeal. *See Carter v. U.S. National Bank*, 304 Or 538, 546, 747 P2d 980 (1987) (Peterson, C. J., concurring), *overruled on other grounds by Assoc. Unit Owners of Timbercrest Condo. v. Warren*, 352 Or 583, 288 P3d 958 (2012) (characterizing motions for reconsideration as a "motion asking for trouble" and discouraging their use). To the extent the denial of the motion is appealable or reviewable on appeal from an appealable order or judgment, we conclude that the court did not abuse its discretion in denying it. *See Lang v. Rogue Valley Medical Center*, 361 Or 487, 497 n 8, 501, 395 P3d 563 (2017) (reviewing order dismissing action for abuse of discretion and considering whether "the trial court abused its discretion in adhering on reconsideration" to that order).

Affirmed.