710 April 22, 2026 No. 326

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARTIN ALLEN JOHNSON,
*Plaintiff-Appellant,*

*v.*

Collette PETERS,
ODOC,
and Theresa Gomez,
Prison Term Analyst,
ODOC,
*Defendants-Respondents.*

Washington County Circuit Court
21CV300072; A183579

Theodore E. Sims, Judge.

Submitted November 19, 2025.

Martin Allen Johnson filed the briefs *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

## JACQUOT, J.

Plaintiff, an incarcerated individual, filed a *pro se* tort and civil rights suit against a number of state defendants. He appeals *pro se* from a judgment of dismissal and raises ten assignments of error. The state responds that plaintiff has not adequately raised "actual assignment[s] of error" and the trial court did not abuse its discretion or otherwise err. As explained below, we affirm.

### PROCEDURAL HISTORY

In July 2021, plaintiff initiated his lawsuit in Multnomah County Circuit Court Case No. 21CV30007. Plaintiff alleged one claim against the Oregon Department of Corrections (ODOC), that ODOC employees made erroneous "calculations of jail time credit," and nine claims against other defendants. In September 2021, plaintiff submitted proof of service of the initiating complaint on ODOC. Plaintiff did not submit proof of service against any other defendants, even though he named Washington County Sheriff Office employees, the Multnomah County District Attorney, and other "John and Jane Doe et al" defendants in his initiating complaint.[1]

ODOC sought and was granted change of venue to Washington County for the jail time credit claim because the Office of Offender Information and Sentence Computation is located in Washington County. Subsequently, ODOC filed a motion to dismiss the jail time credit claim, arguing that the claim was time barred or moot. Plaintiff filed a written challenge to the motion to dismiss and argued that the statute of limitations had not expired because the errors in his time served credit "have not been corrected" and are "still to date on-going and continuing violations." After filings by both parties and a hearing in June 2023, the trial court granted ODOC's motion to dismiss. The court found that plaintiff knew the claim existed for more than two years prior to filing his complaint and thus determined that the statute of limitations expired before plaintiff initiated the suit.

---

[1] We express no opinion about Case No. 21CV30007, which is on appeal as *Johnson v. Garrett*, A186596. However, we note that that case was dismissed for lack of proof of service under UTCR 7.020(2), failure to prosecute, ORCP 54 B(3), and/or failure to comply with court rule or order, ORCP 54 B(1).

Before and after that June 2023 hearing on the motion to dismiss the jail time credit claim, plaintiff submitted more than a dozen filings in Washington County. Plaintiff did not submit proof of service on any defendants other than ODOC or for any filing other than the initiating complaint. The filings included motions for discovery, motions seeking protective orders to secure and prevent loss or destruction of certain documents, motions to submit DVDs into the evidentiary record, and multiple amendments to his complaint. Though we do not enumerate all of plaintiff's filings, we observe that he filed an amended complaint in November 2021, another amended complaint in April 2023, and documents that sought to amend the complaint in August and November 2023. In some of those filings, plaintiff named additional defendants or added new claims. Although those filings were made in Washington County, most of the amendments did not relate to the jail time credit claim that had been transferred from Multnomah to Washington County.

In July 2023, ODOC filed a motion to dismiss plaintiff's amended complaint, arguing in the main that plaintiff failed to obtain leave of the court as required under ORCP 23. In August, plaintiff received a "notice of signed document" form letter, which directed plaintiff to "log into the Oregon eCourt Case Information (OECI) system or go to a public access kiosk at the courthouse." In other words, in order to determine what signed document had been entered for his case, plaintiff was instructed to access a court administration website or visit a courthouse. A hearing on the motion to dismiss the amended complaint was held in December 2023. During the hearing, plaintiff argued that his case should be transferred to Marion County rather than dismissed. The court determined that dismissal was appropriate.

Soon after, plaintiff initiated this appeal and noted in his filing that he was acting with "due diligence" to protect and pursue his legal rights. However, an appealable judgment had not been entered. The Appellate Commissioner granted the trial court leave to enter an appealable judgment and this appeal was held in abeyance. Subsequently, the trial court entered a judgment of dismissal. Plaintiff

then received a "notice of entry of judgment" that informed plaintiff that a copy of the judgment could be requested via "https://www.courts.oregon.gov/records". This appeal was reactivated.

## SERVICE, JURISDICTION, AND AMENDMENTS

Plaintiff assigns error to the trial court's decisions to not allow plaintiff's amended complaints, to not grant a change of venue to Marion County, and to grant ODOC's motions to dismiss.

Plaintiff failed to provide proof of service on any defendants other than two ODOC employees, thus the action could not proceed against other defendants.[2] When a plaintiff does not adequately serve an opposing party and file proof of service with the court, the court does not have personal jurisdiction over that opposing party. *See* ORCP 4 (personal jurisdiction); ORCP 7 (summons); ORCP 54 (dismissal of actions).

Furthermore, under ORCP 23 A, a party has *one* opportunity to amend a complaint before the opposing party responds. After that, unless a plaintiff files a motion for leave to amend and the motion is granted, amendment is not allowed. One of the factors considered by a court when granting or denying a motion for leave to amend is whether the amendments would change the parties or the underlying facts. *See, e.g.*, *RLF Liquidating, LLC v. McDonald Brothers, Inc.*, 318 Or App 321, 327, 507 P3d 758, *rev den*, 369 Or 733 (2022) ("As long as neither the parties nor the underlying facts have changed, leave to amend is favored." (Internal quotation marks and citation omitted.)). In this case, plaintiff attempted to file multiple amendments to his complaint without being granted leave, and many of those amendments sought to add new parties or factually unrelated claims.

---

[2] One argument raised by plaintiff is that the trial court should have allowed him to amend his pleading to include a new ODOC director. Under ORCP 34 F, "[w]hen a public officer is party to an action in such officer's official capacity and during its pendency *** ceases to hold office, the action does not abate and such officer's successor is automatically substituted as a party," and under ORCP 34 G, a party may make a motion for substitution. It does not appear that any party did so here. Thus, there is no error to address.

Moreover, transferring the case to another venue would have been futile due to the technical and service deficiencies with plaintiff's filings.

STATUTE OF LIMITATIONS

In his eighth and tenth assignments of error, plaintiff seems to challenge the court's determination that his jail-time credit claim is time barred due to the statute of limitations. On our review of the record in its entirety, although plaintiff's arguments are minimally developed, he appears to allege that (1) errors in computation of his jail time credit are ongoing or continuing harms such that the statute of limitations has not yet expired; (2) the alleged errors in jail time credit are related to breach of contracts (plea agreements) and thus the applicable statute of limitations is six years; and (3) that his procedural due process rights and other constitutional rights have been or are being violated. Regarding the possibility of a continuing tort, "[a] claim for a continuing tort is based on the theory that recovery is for the cumulative effect of wrongful behavior, not for the discrete elements of that conduct." *Barns v. City of Eugene*, 183 Or App 471, 475, 52 P3d 1094 (2002), *abrogated on other grounds by Advocates for School Trust Lands v. State of Oregon*, 346 Or App 668, __ P3d __ (2026) (internal quotation marks and citation omitted). "When a continuing tort is involved, a notice of claim filed at any time during the continuance of the conduct or within 180 days after the conduct has ceased is timely." *Id*.

However, plaintiff's allegation seems to relate to jail time credit calculations for a period between 1999 and 2002, and that his sentence in Multnomah County Circuit Court Case Number 980534200 should have ended in 2011 rather than 2013. Thus, although plaintiff is still in custody, a complaint under a tortious theory for time calculations relating to the Multnomah County case was time barred long before he commenced this suit in 2021. *See id*. at 475 (continuing tort, due to the plaintiffs having to pay assessments alleged to be void, ended when the plaintiffs finished paying the assessments, even if the harm had not yet been remedied). "The statute of limitations on a claim for breach of contract is six years, and it begins to run at the time of

contract breach." *MAT, Inc. v. American Tower Asset Sub, LLC*, 312 Or App 7, 15, 493 P3d 14 (2021). Similarly, to the extent plaintiff intended to assert a claim for breach of contract by alleging the stated "violated the plea agreement in August 2002," that claim is time-barred because more than six years passed before this suit was commenced.

This opinion does not address any claim under *State ex rel Torres-Lopez v. Fahrion*, 373 Or 816, 572 P3d 1045 (2025), as plaintiff has not alleged one here.

## DISCOVERY

In his third, fourth, and ninth assignments of error, plaintiff argues that the court erred when it did not order the defendants to respond to discovery requests and refused to accept evidence contained on three DVDs. Plaintiff was not entitled to discovery or to have evidence admitted because the case did not proceed to that stage of litigation. ORCP 21 C (providing that ruling on certain motions for dismissal must be "heard and determined before trial on the motion of any party"); *accord Burden v. Copco Refrigeration, Inc.*, 339 Or 388, 392-93, 121 P3d 1133 (2005). The court did not err because ODOC succeeded in moving to dismiss the jail time credit claim on statute of limitations grounds, and other defendants were not properly served, which entitled all defendants to dismissal. *See* ORCP 21 C. Regarding his seventh assignment of error, plaintiff has not developed an argument as to why his motion for a protective order to prevent defendants from destroying or otherwise failing to provide access to legal materials should have been granted.

## ACCESS TO JUSTICE

In his fifth assignment of error, plaintiff argues that "[t]he court did not order that [p]laintiff be provided copies of 3 'signed documents' [referred to in notices sent to plaintiff] so [that] plaintiff could be aware of what needed to be appealed timely * * *." An assignment of error must be made to a ruling. ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other *ruling* that is being challenged." (Emphasis added.)). In these assignments, there is no error for us to address.

Nonetheless, we recognize that plaintiff's lack of access to the signed documents created a barrier to efficient and fair adjudication. Plaintiff describes litigation difficulties he faces as an incarcerated individual. For example, he cannot go to a "public access kiosk at the courthouse,"[3] has limited access to internet resources, and we have previously acknowledged a degree of unpredictability regarding mail processes for incarcerated individuals, *Ayres v. Board of Parole*, 194 Or App 429, 437-40, 97 P3d 1 (2004).

An *Access to Justice Gap Analysis Report* produced by the Oregon State Bar in November 2025 identified a number of key "barriers that Oregonians experience to obtaining legal help, understanding their rights, and receiving fair treatment * * *." Oregon State Bar, *Access to Justice Gap Analysis Report*, 1, 4 (Nov 2025). One identified barrier is "court processes that are too complicated for residents to navigate without a lawyer." *Id.* The study reported that "[c]ourt practices have a major impact on how people move through the civil justice system—especially those navigating it without a lawyer." *Id.* at 68. The study suggests a number of tactics to improve access to justice, including "simplifying court forms," and providing litigants, especially unrepresented litigants, "information about the court process and what to expect." *Id.* at 70.

In this case, plaintiff filed an appeal before an appealable judgment had been entered because he did not know the contents of the signed documents he was responding to, and he did not want to miss a filing deadline if the signed document was appealable. Subsequently, our court, the trial court, and the parties had to expend energy and resources throughout the abeyance period. Although not required, when a court issues a notice to an incarcerated litigant, the court may choose to supply a copy of the signed document or judgment. Doing so might reduce confusion throughout the litigation process, might decrease duplicative

---

[3] Incarcerated individuals are not the only Oregonians who face barriers in accessing court services and documents. Oregon State Bar, *Access to Justice Gap Analysis Report*, 1, 3-7 (Nov 2025). In one Oregon judicial district that spans two counties, residents experienced significant difficulty when attempting to reach the court building. *Id.* at 73. There, "the court administrator partnered with the director of a public library * * * to establish a legal kiosk." *Id.*

or non-responsive filings, and could facilitate more efficient utilization of public resources. It might also engender more confidence in the judicial process. Nevertheless, inefficiency and frustration did not amount to a due process violation that denied plaintiff a meaningful opportunity to be heard such that we could reverse the judgment of dismissal at issue.

Finally, regarding any other alleged due process violations, plaintiff's proposed amendments were dismissed without prejudice, meaning they can be raised in future litigation, subject to applicable statutes of limitation and rules of procedure.

Affirmed.